Kira M. Rubel (CA SBN/ 253970)
Law Offices of Kira M. Rubel
555 West Beech Street, Suite 230
San Diego, CA 92101
Telephone: (800)-836-6531

David P. Schafer (TX SBN/ 00797865) *Pro hac vice pending*
Brian J. Trenz (TX SBN/24067911) *Pro hac vice pending*
Law Offices of David P. Schafer
2139 N.W. Military HWY, Suite 200
San Antonio, TX 78213
(210) 348-0500 phone
(210) 348-0520 fax

Attorneys for Plaintiff Desiree Alvarado

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DESIREE ALVARADO, on behalf of herself and all others similarly situated,**<br><br>    Plaintiff,<br><br>vs.<br><br>**BAY AREA CREDIT SERVICE LLC., a Limited Liability Corporation,**<br><br>    Defendant. | CASE NO.<br><br>**<u>CLASS ACTION</u>**<br><br>**Complaint for Damages and Injunctive Relief Pursuant To The Telephone Consumer Protection Act, 47 U.S.C § 227** *et seq.*<br><br>***<u>Jury Trial Demanded</u>*** |

1

**Class Action Complaint for Damages**

## INTRODUCTION

1. Desiree Alvarado ("Plaintiff") brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant BAY AREA CREDIT SERVICE, LLC., ("Defendant") and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, assigns, and/or related entities (collectively "Defendant"), in negligently, and/or willfully, contacting Plaintiff on Plaintiff's cellular telephone without her prior express consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA"). Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## JURISDICTION AND VENUE

2. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) of the Class Action Fairness Act ("CAFA") because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under CAFA. Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

3. Venue is proper in the United States District Court for the Northern District of California pursuant to 18 U.S.C. § 1391(b)(c) and § 1441(a) because Defendant is deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time the action is commenced, and because Defendant's contacts with this district are sufficient to subject it to personal jurisdiction. On information and belief, Defendant has made the same calls complained of by Plaintiff within this judicial district, such that some of

2

**Class Action Complaint for Damages**

Defendant's acts in making such collection calls have occurred within this district.

## PARTIES

4. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of Texas who resides in San Antonio, Texas.

5. Plaintiff is informed and believed, and thereon alleges, that Defendant is a debt collector, and is, and at all times mentioned herein was, a Corporation founded under the laws of the State of Georgia, whose primary corporate offices are located at 1000 Abernathy Rd, Building 400, Suite 195, Atlanta, Georgia 30328, making the Defendant a citizen of Georgia for diversity purposes. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California, because their California business offices are located at 1901 W. 10th Street, Antioch, California 94509, and they performed their business in the County of Contra Costa, and within this judicial district. Defendant attempts to collect debts by, among other means, making calls to cellular phones.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

6. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA),[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

7. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq*.

3
**Class Action Complaint for Damages**

number in the absence of an emergency or the prior express consent of the called party.[2]

8.  According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

9.  On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and/or prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party.[4]  The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."[5]

## FACTUAL ALLEGATIONS

10.  At all times relevant, Plaintiff was a citizen of the State of Texas. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (32).

11.  Defendant is, and at all times mentioned herein was, an entity that meets the definition of "person," as defined by 47 U.S.C. § 153 (32).

12.  At all times relevant Defendant conducted business in the State of California and in the County of San Diego, within this judicial district.

---

[2] 47 U.S.C. § 227(b)(1)(A)(iii).
[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).
[4] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("*FCC Declaratory Ruling*"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).
[5] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

4
**Class Action Complaint for Damages**

13. Beginning no later than September of 2013 and continuing through approximately March of 2014, Defendant called Plaintiff on her cellular telephone number, ending in "7600", in an attempt to collect a debt. Plaintiff received multiple calls a day from Defendant and has, at the time of filing this complaint, received more than 10 debt collection calls from Defendant.

14. Plaintiff did not provide any entity, including Defendant, with her cellular phone number. Plaintiff did not give Defendant prior express consent to call her on her cellular telephone with the use of an autodialer and/or prerecorded message, pursuant to 47 U.S.C. § 227 (b)(1)(A).

15. On information and belief, Defendant may have obtained Plaintiff's cellular telephone number from a third party, or by "trapping" or "skip tracing" such number, i.e., making a record of her cell phone number using caller identification technology, but did not receive that number from Plaintiff.

16. Notwithstanding the fact Plaintiff did not provide Defendant her cellular number at any time, Defendant, or its agents, have called Plaintiff on her cellular telephone via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) and by using "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227 (b)(1)(A). This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers.

17. Such calls were also made by prerecorded voice messages and were made from the Fall of 2013 to approximately March of 2014, all in violation of the TCPA.

18. The telephone number Defendants and/or their agents called is assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

19. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

20.     These telephone calls by Defendants and/or their agents violated 47 U.S.C. § 227(b)(1).

21.     Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendants to demonstrate that Plaintiff provided express consent within the meaning of the statute.

## Class Action Allegations

22.     Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated ("the Class").

*23.*     Plaintiff represents, and is a member of, the Class, consisting of:

*All persons within the United States who received any telephone call from Defendant or their agents to said person's cellular telephone through the use of any automatic telephone dialing system or with an artificial or prerecorded voice who did not provide prior express consent during the transaction that resulted in the debt owed, within the four years prior to the filing of the Complaint in this action.*

24.     Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death, and/or emotional distress.

25.     Plaintiff does not know the number of members in the Class, but believes the Class members number in the tens of thousands, if not more. Plaintiff believes Defendant engaged in a pattern and practice of attempting to reach debtors in the same manner they attempted to reach her.  Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of this matter.

26.     Plaintiff and members of the Class were harmed by the acts of Defendant in, but not limited to, the following ways: Defendant, either directly or through

their agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using an autodialer and/or with a prerecorded voice message, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid; by having to retrieve or administer messages left by Defendant during those illegal calls; and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

27. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

28. The joinder of the Class members is impracticable and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The Class can be identified through Defendant's records or Defendant's agents' records.

29. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions that may affect individual Class members, including the following:

 a) Whether, within the four years prior to the filing of this Complaint, Defendant and/or their agents made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

7

**Class Action Complaint for Damages**

b)     Whether Defendant can meet its burden of showing they obtained prior express consent (i.e., consent that is clearly and unmistakably stated), during the transaction that resulted in the debt owed, to make such calls;

c)     Whether Defendant's conduct was knowing and/or willful;

d)     Whether Defendant is liable for damages, and the extent of statutory damages for such violation; and

e)     Whether Defendant should be enjoined from engaging in such conduct in the future.

30.    As a person that received numerous calls using an automatic telephone dialing system or an artificial or prerecorded voice, without her prior express consent, Plaintiff is asserting claims that are typical of the Class.  Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

31.    Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct.  Absent a class action, the Class will continue to face the potential for irreparable harm.  In addition, these violations of law would be allowed to proceed without remedy and Defendant would undoubtedly continue such illegal conduct.  Because of the size of the individual Class members' claims, few Class members could afford to seek legal redress for the wrongs complained of herein.

32.    Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

33.    A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with federal and California law.  The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for a violation of this statute is minimal.  Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims. Defendant has acted on grounds generally applicable to the Class,

thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

### FIRST CAUSE OF ACTION
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 *ET SEQ.*

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

36. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

37. Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

### SECOND CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE
### TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 *ET SEQ.*

38. Plaintiff incorporates by reference the above paragraphs 1 through 33, inclusive, of this Complaint as though fully stated herein.

39. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

40. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to treble damages, as provided

**Class Action Complaint for Damages**

by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

41.     Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

42.     Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

### PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 *ET SEQ.*

•       As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $500.00 (five-hundred dollars) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

•       Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

•       An award of attorneys' fees and costs to counsel for Plaintiff and the Class.

•       An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class.

•       Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION

**Class Action Complaint for Damages**

OF THE **TCPA, 47 U.S.C. § 227** *ET SEQ.*

- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member treble damages, as provided by statute, up to $1,500.00 (one-thousand-five-hundred dollars) for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- An award of attorneys' fees and costs to counsel for Plaintiff and the Class.

- An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class.

- Any other relief the Court may deem just and proper.

///

///

///

///

///

///

11

Class Action Complaint for Damages

## TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all counts so triable.

Date: June 3, 2014          LAW OFFICES OF KIRA M. RUBEL

By: /s/ Kira M. Rubel

Kira M. Rubel
krubel@kmrlawfirm.com
555 West Beech Street, Suite 230
San Diego, CA 92101

Date: June 3, 2014          LAW OFFICES OF DAVID P. SCHAFER

By: /s/ David Schafer

David P. Schafer
Brian J. Trenz
2139 N.W. Military HWY, Suite 200
San Antonio, TX 78213

*Attorneys for Plaintiff*