IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESIREE ALVARADO, | Case No. 14-cv-02549-SC |
| Plaintiff, | ORDER DENYING MOTION TO STAY |
| v. | |
| BAY AREA CREDIT SERVICE, LLC, | |
| Defendant. | |

## I. INTRODUCTION

Now before the Court is Defendant Bay Area Credit Service, LLC's ("BACS") motion to stay this case pending the resolution of certain petitions currently pending before the Federal Communications Commission ("FCC"). The motion is fully briefed[1] and appropriate for determination without oral argument per Civil Local Rule 7-1(b). For the reasons set forth below, BACS' motion is DENIED.

---

[1] ECF Nos. 26 ("Mot."), 33 ("Opp'n"), 34 ("Reply").

## II. **BACKGROUND**

The Telephone Consumer Protection Act of 1991 ("TCPA"), codified at 47 U.S.C. § 227 et seq., prohibits the use of an automatic telephone dialing system ("ATDS") to call a cellular telephone service. 47 U.S.C. § 227(b)(1)(A). Plaintiff Desiree Alvarado (on behalf of herself and a putative plaintiff class) alleges that BACS used an ATDS to call her cell phone to collect on a debt. ECF No. 1 ("Compl.") ¶¶ 13-16. BACS now moves for a stay under the primary jurisdiction doctrine, arguing that the FCC is currently deciding an issue that is dispositive in this case. Specifically, the FCC is considering petitions seeking a declaration that "the TCPA's automatic telephone dialing system restriction only applies to equipment that can, at the time of the call, be used to store or generate sequential or randomized telephone numbers." Mot. at 5.

## III. **LEGAL STANDARD**

"The primary jurisdiction doctrine allows courts to stay proceedings or to dismiss a complaint without prejudice pending the resolution of an issue within the special competence of an administrative agency." Clark v. Time Warner Cable, 523 F.3d 1110, 1114 (9th Cir. 2008). Primary jurisdiction is a "prudential" doctrine that permits a court to stay or dismiss a case if "an otherwise cognizable claim implicates technical and policy questions that should be addressed in the first instance by the agency with regulatory authority over the relevant industry rather than by the judicial branch." Id. (citing Syntek Semiconductor Co., Ltd. v. Microchip Tech. Inc., 307 F.3d 775, 782 (9th Cir.

2

2002)). "[I]t is to be used only if a claim requires resolution of an issue of first impression, or of a particularly complicated issue that Congress has committed to a regulatory agency, and if protection of the integrity of a regulatory scheme dictates preliminary resort to the agency which administers the scheme." Id. (citations and quotation marks omitted); see also Jordan v. Nationstar Mortg. LLC, No. 14-CV-00787-WHO, 2014 WL 5359000, at *4 (N.D. Cal. Oct. 20, 2014) (discussing legal standard for primary jurisdiction doctrine).

"No fixed formula exists for applying the doctrine of primary jurisdiction," Davel Commc'ns, Inc. v. Qwest Corp., 460 F.3d 1075, 1086 (9th Cir. 2006) (quoting United States v. W. Pac. R. Co., 352 U.S. 59, 64 (1956)), but the Ninth Circuit has held that

> The primary jurisdiction doctrine prescribes deference to an administrative agency where (1) the issue is not "within the conventional experiences of judges," (2) the issue "involves technical or policy considerations within the agency's particular field of expertise," (3) the issue "is particularly within the agency's discretion," or (4) "there exists a substantial danger of inconsistent rulings."

Maronyan v. Toyota Motor Sales, U.S.A., Inc., 658 F.3d 1038, 1048-49 (9th Cir. 2011). "A court also must balance the parties' need to resolve the action expeditiously against the benefits of obtaining the federal agency's expertise on the issues." Nationstar, 2014 WL 5359000, at *4.

**IV. DISCUSSION**

Precisely this issue was recently raised in another case in this District. In Nationstar, Judge Orrick considered whether pending FCC decisions counseled a stay of that matter. One such

3

issue before the FCC was "whether dialing equipment that lacks the current capacity for random or sequential dialing constitutes an 'automatic telephone dialing system' ('ATDS') as defined by the Telephone Consumer Protection Act . . . ." Id. at *1. Indeed, some of the petitions that Judge Orrick considered are exactly the same ones that BACS identifies here. Compare id. at *5 (identifying FCC petitions from ACA International, YouMail, Professional Association for Customer Engagement, and TextMe), with Mot. at 6-7 (identifying the same petitions).

Judge Orrick discussed the primary jurisdiction factors from Maronyan in great detail and determined that primary jurisdiction doctrine was "not warranted" because "[t]he interpretation of 'capacity' is within the Ninth Circuit's experience, does not involve technical expertise, and does not impose a substantial danger of inconsistent rulings." Nationstar, 2014 WL 5359000, at *8. The Court agrees, and finds that these factors weigh against application of the primary jurisdiction doctrine.

Also important is likelihood that the FCC will rule on the issue soon. If it is probably going to be a long time until the FCC rules, then the prejudice to Ms. Alvarado is likely to be correspondingly greater and the delay caused will be correspondingly longer. As a result, BACS argues repeatedly that an FCC decision is imminent. See Mot. at 7; Reply at 3-4. BACS points out that the Ninth Circuit has held that "a reasonable time for agency action is typically counted in weeks or months, not years." Reply at 3 (quoting In re Am. Rivers & Idaho Rivers United, 372 F.3d 413, 419 (D.C. Cir. 2004)). In further support of that claim, BACS cites a court order predicting that a decision on

4

the ATDS petitions was expected "relatively soon." See Reply at 3 (citing Mendoza v. UnitedHealth Grp. Inc., No. 13-1553 PJH, 2014 WL 722031, at *2 (N.D. Cal. Jan. 6, 2014)). But that order is from January 2014 -- over a year ago. Some of the petitions that support BACS' motion are even older: the Glide Talk petition was filed in October 2013, and the YouMail petition was filed in April 2013. See Reply at 5-6. Thus there is no indication that a decision from the FCC is coming any time soon.

## V. **CONCLUSION**

The Court finds that the primary jurisdiction doctrine is inapplicable in this case and that staying this matter pending the FCC's decision could potentially cause an interminable delay. Defendant Bay Area Credit Service, LLC's motion to stay this action is DENIED.

IT IS SO ORDERED.

Dated: January 16, 2015

_____
UNITED STATES DISTRICT JUDGE