Kira M. Rubel
krubel@kmrlawfirm.com
LAW OFFICES OF KIRA M. RUBEL
555 West Beech Street, Suite 230
San Diego, California 92101
800-836-6531

Attorneys for Plaintiff
DESIREE ALVARADO


Charles R. Messer
messerc@cmtlaw.com
David J. Kaminski
kaminskid@cmtlaw.com
Martin Schannong
schannongm@cmtlaw.com
CARLSON & MESSER LLP
5959 W. Century Boulevard, Suite 1214
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

Attorneys for Defendant
HOVG, LLC dba BAY AREA CREDIT SERVICE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESIREE ALVARADO, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>  vs.<br><br>HOVG, LLC dba BAY AREA CREDIT SERVICE, a limited liability company,<br><br>        Defendant. | CASE NO. 3:14-CV-02549-SC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:  May 1, 2015<br>Time:  10:00 a.m.<br>Courtroom:  1<br>Judge:  Hon. Samuel Conti |

/ / /

/ / /

{00031464;1}

1

The parties to the above-entitled action hereby submit this Joint Case Management Statement pursuant to Civil Local Rule 16-9 and the Court's January 6, 2015 Order (docket entry, "DE" 36) in this matter.

## 1. Jurisdiction & Service

Plaintiff asserts that jurisdiction is proper under 28 U.S.C. § 1332(d)(2) of the Class Action Fairness Act because Plaintiff alleges a national class, which Plaintiff claims will result in at least one class member belonging to a different state than that of Defendant. Defendant denies that a class action is appropriate. No party remains to be served.

## 2. Facts

Plaintiff alleges that Defendant called her cell phone using an automatic telephone dialing system ("ATDS") and an artificial or prerecorded voice without Plaintiff's prior express consent, in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Plaintiff's Complaint is styled as a class action. Defendant disputes Plaintiff's allegations and denies that a class action is appropriate under the law.

## 3. Legal Issues

The primary legal issues include whether the TCPA was violated; whether Defendant had prior express consent to call Plaintiff; whether Defendant's telephone equipment constituted an ATDS within the meaning of the TCPA; and whether this action can be certified as a class action. Defendant contends the issue of consent creates too many individualized inquiries such that class treatment is inappropriate while Plaintiff avers that, because the burden of proof of consent is on Defendant under the TCPA, the issue of consent is not individualized, but rather may be made on a class wide basis.

## 4. Motions

Defendant anticipates filing a motion for summary judgment. Plaintiff anticipates filing a motion for class certification. In the instance there are any

discovery disputes, Defendant and Plaintiff will work together to resolve them but these issues may result in motions to compel discovery.

## 5. Amendment of Pleadings

The parties do not intend to amend their pleadings at this time. The parties request a deadline of June 1, 2015 for amendments to pleadings.

## 6. Evidence Preservation

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, and met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

## 7. Disclosures

The parties have served their Initial Disclosures.

## 8. Discovery

Discovery is ongoing. The parties have served, and responded to, an initial round of written discovery. Plaintiff has deposed Defendant's person most knowledgeable regarding certain issues, and Defendant has deposed the lead Plaintiff. The parties anticipate taking multiple additional depositions, and serving records subpoenas regarding Plaintiff's damages, Defendant's telephone system, and the issues regarding "prior express consent" to call Plaintiff and/or the putative class members. Plaintiff also intends to seek Defendant's dialer records for the relevant time period. Because the TCPA has a four-year statute of limitations, Plaintiff's class-related discovery may require that Defendant extract over four years' worth of electronic data, a portion of which is warehoused and archived, and any third-party discovery will be similarly broad in scope. Discovery in this matter is therefore likely to be complicated, very expensive, and time-consuming.

## 9. Class Actions

Plaintiff alleges that she represents a class consisting of "[a]ll persons within the United States who received any telephone call from Defendant or their agents

to said person's cellular telephone through the use of any automatic telephone dialing system or with an artificial or prerecorded voice who did not provide prior express consent during the transaction that resulted in the debt owed, within four years prior to the filing of the Complaint in this action." (First Amended Complaint, DE 42, ¶ 23.)

The parties intend to conduct sufficient discovery such that Plaintiff will be prepared to file her motion for class certification by January 15, 2016, barring any related discovery disputes that may arise.

**10.    Related Cases**

None.

**11.    Relief**

Plaintiff seeks injunctive relief and damages for $500 in statutory damages for every negligent TCPA violation or, in the alternative, $1,500 for every intentional violation, pursuant to 47 U.S.C. § 228(b)(3). Plaintiff also seeks an award of attorney's fees and costs under the "common fund" theory. Defendant asserts that the TCPA does not provide for attorney's fees and that Plaintiff is not entitled to attorney's fees under any legal theory, including but not limited to the equitable "common fund" or "substantial benefit" doctrines.

**12.    Settlement and ADR**

The parties have stipulated to mediate the case with a mediator from the Court's panel (ADR L.R. 6). The parties' stipulation has been approved by the Court. (DE 20.) The current deadline for the parties to complete the mediation is June 30, 2015. (DE 45.) The parties will also engage in informal settlement discussions through their respective counsel, and will likely conduct private mediation as well.

**13.    Consent to Magistrate Judge For All Purposes**

Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. ____ YES   _X_ NO

**14. Other References**

Not applicable.

**15. Narrowing of Issues**

The parties do not believe the issues can be further narrowed at this point.

**16. Expedited Trial Procedure**

The Parties do not agree that this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64.

**17. Scheduling**

| | |
|---|---|
| Deadline to amend pleadings: | June 1, 2015 |
| First Exchange of Experts: | October 19, 2015 |
| Second Exchange of Experts: | November 20, 2015 |
| Expert reports: | January 8, 2016 |
| Supplemental expert reports: | January 22, 2016 |
| Motion for class certification filing deadline: | January 15, 2016 |
| Opposition to class cert. motion due: | February 5, 2016 |
| Reply re: class cert. motion due: | February 19, 2016 |
| Discovery cutoff: | April 7, 2016 |
| Motion filing deadline (other than class cert.): | April 7, 2016 |
| Pretrial conference: | June 9, 2016 |
| Trial: | June 29, 2016 |

**18. Trial**

The parties request a 10-15 day jury trial.

**19. Disclosure of Non-party Interested Entities or Persons**

Each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15.

**20. Other Matters**

None at this time.

///

Respectfully submitted,

DATED:  April 23, 2015          LAW OFFICES OF KIRA M. RUBEL


                                By:     s/Kira M. Rubel
                                        Kira M. Rubel
                                        Attorneys for Plaintiff
                                        DESIREE ALVARADO


DATED:  April 23, 2015          CARLSON & MESSER LLP


                                By:     s/Martin Schannong
                                        Charles R. Messer
                                        David J. Kaminski
                                        Martin Schannong
                                        Attorneys for Defendant
                                        HOVG, LLC dba BAY AREA CREDIT
                                        SERVICE