UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESIREE ALVARADO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HOVG, LLC dba BAY AREA CREDIT SERVICE,<br><br>　　　　Defendants. | Case No.  14-cv-02549-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO FILE SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 49 |

　　　　This is a putative class action arising from Defendant HOVG, LLC dba Bay Area Credit Service's ("BACS's") debt collection calls to Plaintiff Desiree Alvarado. Pending before the Court is Plaintiff's motion to file a Second Amended Complaint ("SAC") which adds: (1) a new claim under the Fair Debt Collection Practices Act ("FDCPA"); and (2) a new Defendant, AT&T Mobility, LLC. Dkt. No. 49 ("Mot.").

　　　　The Court has carefully considered the arguments made by the parties and, for the reasons set forth below, **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion for Leave to Amend.

I.　　LEGAL STANDARD

　　　　Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading within twenty one days from service or "with the opposing party's written consent or the court's leave." Rule 15(a) is "very liberal" and leave to amend "shall be freely given when justice so requires." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation and quotation marks omitted). However, despite the liberality with which Rule 15(a) is applied, leave to amend is not granted automatically. *See Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). A district court need not grant leave to amend where the proposed amendment (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation;

1   or (4) is futile. *See AmerisourceBergen*, 465 F.3d at 951.

## II.  DISCUSSION

### A.  Plaintiff's FDCPA Claim

Plaintiff asserts that her request to amend the FAC in order to add a claim under the FDCPA is based on a revelation during a 30(b)(6) deposition on March 10, 2015.  Mot. at 3.  In that deposition, the BACS designee discussed a note taken during the company's collection efforts, which recorded that Plaintiff "just kept on saying that she will contact their attorney and hung up."  Reply at 8.  Plaintiff alleges that this newly discovered information demonstrates that BACS violated the FDCPA by continuing to contact her after being informed that she was represented by counsel.  Mot. at 3.

BACS opposes the amendment on several grounds.  First, BACS argues that the amendment is untimely because Plaintiff knew what she told BACS on the phone over a year before the March 10, 2015 deposition.  Opp. at 6 ("[I]f Plaintiff truly 'informed Defendant that she was represented by an attorney' in a telephone conversation, then Plaintiff would, naturally, know this from the moment she allegedly said it, in January 2014.").  Second, BACS argues that the amendment was brought in bad faith.  *Id*. at 6-10.  Third, BACS argues that the amendment will be prejudicial because the new FDCPA claim would "greatly change the nature of this litigation" by, for example, permitting the recovery of attorneys' fees.  *Id*. at 11-12.  Finally, BACS argues that amendment would be futile because the FDCPA's one-year statute of limitations has already run.  *Id*. at 13-14.

The Court disagrees on each point.  People often do not to recall every statement made during phone conversations, especially after several months.  Plaintiff represents that, at the time she filed this lawsuit, "[s]he did not recall (or she would have originally alleged) that she had informed Defendant that she was represented by an attorney."  Reply at 7.  Accordingly, while the Court recognizes the tension inherent to the claim that a party "newly discovered" something she said in the first place, the circumstances of this case do not suggest undue delay.  BACS's discussion of bad faith and prejudice focuses primarily on the addition of AT&T as a new defendant, and does not provide a factual basis to find either factor with respect to the addition of

2

the FDCPA claim. For example, that the FDCPA allows for attorneys' fees does not "greatly change the nature of the litigation," it simply provides an additional form of relief for the allegedly improper collection efforts already fairly at issue in this case.

Lastly, the Court finds that the proposed amendment is not futile. Although the conduct underlying the new FDCPA claim occurred more than one year before Plaintiff sought to amend her complaint, the Federal Rules provide that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]" Fed. R. Civ. P. 15(c)(1)(B). Like Rule 15(a)'s leave standard, "the relation back doctrine is to be liberally applied." *ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014). To relate back, "the original and amended pleadings [must] share a common core of operative facts so that the adverse party has fair notice of the transaction, occurrence, or conduct called into question." *Id*. (citation omitted). A new allegation can relate back even where the new complaint "includes allegations that were expressly disclaimed in the original pleading." *Id*. at 1005.

Plaintiff's new FDCPA claim meets this lenient standard. The Plaintiff's FDCPA claim arises from BACS's effort to collect the debt at issue through the same series of phone calls that form the basis for her TCPA claim. In other words, the "general conduct" at issue is identical; only the particulars differ. As recognized by the Ninth Circuit, "[t]he exact contours of those claims—the facts that will ultimately be alleged and the final scope of relief that will be sought—can and should be sorted out through later discovery and amendments to the pleadings." *Id*.

The Court finds that none of the four factors support denying Plaintiff's leave to plead an FDCPA claim against BACS.

### B. Adding AT&T Mobility LLC as a Defendant

Plaintiff's request to add an entirely new defendant to this action presents a closer question. It is clear that Plaintiff knew from the very first phone call she received from BACS that AT&T was responsible for the debt-collection calls. *See* Opp. at 3 (phone calls from BACS would state that "This is AT&T. We are looking for Mauricio"); *id*. at 4 (Plaintiff saved BACS phone

number in her phone contacts as "AT&T collectors"). Despite this fact, Plaintiff did not include AT&T as a defendant in her initial June 3, 2014 complaint. Dtk. No. 1. Instead, Plaintiff waited almost a year to move to assert claims against AT&T Mobility LLC.

Plaintiff attempts to justify this delay on two grounds: (1) that BACS recently advanced a new defense theory that makes AT&T a "logical defendant;" and (2) that, "although it may be true that the plaintiff generically suspected the debt was owed to AT&T, she did not know which specific [AT&T] entity was ultimately responsible." Mot. at 4; Reply at 4. The Court does not find either explanation persuasive.

First, whether BACS has a meritorious defense to the claims asserted against it in this action is irrelevant to whether Plaintiff could or should have asserted claims against other parties. Accordingly, that BACS recently provided an interrogatory response suggesting that a fact Plaintiff already knew (*i.e.*, that BACS's calls were made on behalf of AT&T) defeated the claims currently pled does not constitute "newly discovered information" sufficient to justify amendment. At most, BACS's interrogatory alerted Plaintiff to the legal significance of a known fact. Such a "discovery" does not excuse Plaintiff's undue delay. *AmerisourceBergen*, 465 F.3d at 953 ("[I]n evaluating undue delay, we also inquire 'whether the moving party knew or should have known the *facts and theories* raised by the amendment in the original pleading.'") (citation omitted) (emphasis added).

Second, the Court is not convinced that Plaintiff's failure to sue AT&T in the original complaint relates in any way to uncertainty concerning the identity of the appropriate entity. Were that the case, at least one of the August 28, 2014, December 16, 2014, or April 23, 2015 Joint Case Management Statements would have disclosed that Plaintiff sought to add the proper AT&T entity once its identity was known. None did. Instead, each statement affirmatively represented that "[t]he parties do not intend to amend their pleadings at this time." *See* Dkt. Nos. 23, 31, and 46. The facts presented in this case are far more consistent with a party attempting to undo a conscious litigation choice, as opposed to simply responding to new facts. *See Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986) (affirming denial of leave to amend where the plaintiff's delay in bringing the proposed claim was the result of a "tactical

4

choice" to omit that claim in the original complaint). Accordingly, Plaintiff's unexcused one-year delay in seeking to add AT&T as a defendant strongly weighs against granting leave to amend. *See AmerisourceBergen*, 465 F.3d at 953 (recognizing that the Ninth Circuit has "held that an eight month delay between the time of obtaining a relevant fact and seeking a leave to amend is unreasonable.").

The Court further finds that permitting Plaintiff to add a new party to this lawsuit would result in prejudice to BACS. Plaintiff's motion for class certification is due in less than two months. Both fact and expert discovery are set to close in late January of 2016. Permitting Plaintiff to add AT&T Mobility LLC to this action would require the Court to reset the clock on this case entirely. *See Harris v. Vector Marketing Corp.*, 2009 WL 3710696, at *2 (N.D. Cal. 2009) ("Although there is no precise definition for prejudice under Rule 15, prejudice is generally found where the amendment would cause substantial delay in the proceedings."). Moreover, AT&T Mobility LLC would be entitled to duplicate the discovery taken in this case to date, leading to the inefficient use of party resources. *See Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1995) (noting that "[e]xpense, delay, and wear and tear on individuals and companies" counts towards prejudice). In short, BACS should not be forced to litigate this case twice. This factor strongly weighs against granting leave to amend. *See Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) ("Prejudice to the opposing party is the most important factor.") (citation omitted).

Accordingly, the Court finds that at least two of the four considerations strongly weigh against granting leave to amend to add AT&T Mobility LLC as a defendant.[1] Plaintiff has no persuasive excuse for her failure to assert her claims earlier in this litigation, and permitting the amendment now would substantially delay the proceedings and prejudice BACS.

### III.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Leave to Amend

---

[1] While BACS has raised serious questions concerning Plaintiff's conduct in this action, the Court need not reach the question of "good faith" because it finds the weight of the undue delay and prejudice factors support denial of the motion even were Plaintiff seeking to add a non-futile amendment in good faith. BACS has not claimed that the amendment would be futile.

1  with respect to the FDCPA claim against BACS and **DENIES** Plaintiff's Motion for Leave to
2  Amend to add AT&T Mobility LLC as a defendant.  Plaintiff is directed to file a SAC consistent
3  with the Court's ruling no later than 14 days from the date of this Order.
4      **IT IS SO ORDERED.**
5  Dated:  August 19, 2015

*Haywood S. Gilliam, Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge