Kira M. Rubel (CA SBN/ 253970)
**LAW OFFICES OF KIRA M. RUBEL**
555 West Beech Street, Suite 230
San Diego, CA 92101
Tel: (800) 836-6531

David P. Schafer (TX SBN/ 00797865) *Admitted Pro hac vice*
Brian J. Trenz (TX SBN/24067911) *Admitted Pro hac vice*
**LAW OFFICES OF DAVID P. SCHAFER**
2139 N.W. Military HWY, Suite 200
San Antonio, TX 78213
Tel: (210) 348-0500
Fax: (210) 348-0520

*Attorneys for Plaintiff Desiree Alvarado*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DESIREE ALVARADO, on behalf of herself and all others similarly situated,**<br><br>       **Plaintiff,**<br><br>vs.<br><br>**HOVG, LLC, d/b/a BAY AREA CREDIT SERVICE LLC, a Limited Liability Company,**<br><br>       **Defendant.** | CASE NO.  3:14-CV-02549-HSG<br><br>**PLAINTIFF DESIREE ALVARADO'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR REIMBURSEMENT OF ATTORNEY'S FEES AND COSTS**<br><br>Date: December 17, 2015<br>Time: 2:00 p.m.<br>Judge: Hon. Haywood S. Gilliam<br>Location: Courtroom 15, San Francisco Courthouse, 450 Golden Gate Ave., San Francisco, CA |

## I.    INTRODUCTION

Although the usual rule regarding attorney's fees in litigation is that each litigant shall bear his own, there are exceptions to this rule if provided otherwise by contract or statute.  Here, Plaintiff Desiree Alvarado ("Plaintiff") is entitled to reimbursement of fees for her claims arising under the Fair Debt Collection Practices Act, 15 U.S.C. §§1692, *et seq*. ["FDCPA"].  The FDCPA provides that the prevailing party ***shall*** be reimbursed his reasonable attorneys' fees.  15 U.S.C. § 1692k(a)(3).  ***Reimbursement of fees under this statute is mandatory – it is***

1

*simply a matter of determining an appropriate dollar value.*

The mandatory nature of FDCPA fee reimbursement is a reflection of legislative intent. Congress specifically provided a fee provision because it wanted to encourage aggrieved plaintiffs to pursue their rightful remedies. As such, the fee award is meant to reflect the actual rate the attorney could have earned had he or she taken on a paying client.

Although Plaintiff's initial complaints did not include an FDCPA claim, Plaintiff moved for leave to amend her complaint to allege claims arising under the FDCPA once investigation by counsel revealed their merit. Thus, every minute of her counsel's time in discovering the claim, debating the prudence of amending, conferring with defense counsel, writing the motion, amending the complaint, reviewing and conducting discovery which related to her FDCPA claim and, now, writing this motion, is 100% compensable under this statute.

Plaintiff's counsel has expended 204.2 combined hours in their prosecution of Plaintiff's FDCPA claim. As described below, this is not an unreasonable amount of time given the nature of the claim and the highly disputed tone of this lawsuit. Counsel now seeks only what is reasonably owed to them using the lodestar methodology, and has decided not to request any enhancement to their fee, finding instead that the hourly rates ordinarily approved in the Northern District of California should adequately compensate them for their time.

Plaintiff's lodestar totals $82,295, however, Plaintiff only requests reimbursement of $50,000 in fees (plus costs). In settling this litigation, Plaintiff's counsel specifically offered to limit their fee request to this amount for the benefit of their client. The following request is based on sound principles of billing judgment and is in line with the Ninth Circuit's and the Northern District of California's method for calculating fees pursuant to the FDCPA. Plaintiff respectfully submits the following in support of her request.

//

II. **PROCEDURAL HISTORY**

Plaintiff filed her class action complaint on June 3, 2014, alleging claims arising under the Telephone Consumer Protection Act, 47 U.S.C. § 227(b) ["TCPA"] against Defendant HOVG, LLC, dba Bay Area Credit Service, LLC[1] ("Defendant"). [Docket Entry, "Dkt." 1.] In prosecution of this claim, Plaintiff's counsel took the Fed. R. Civ. Proc. 30(b)(6) deposition of Defendant's Person Most Knowledgeable on March 10, 2015.  [Declaration of Kira M. Rubel, ¶¶ 14-15, "Rubel Decl."]  During this deposition, Plaintiff's counsel learned that, in addition to TCPA violations, Defendant had also committed multiple, simultaneous violations of the FDCPA.  [Rubel Decl. ¶¶ 15.]

The two months following the March 10 deposition were filled with stop-and-start negotiations, numerous meet and confer conferences, and an almost-mediation.  Plaintiff also sent out and received responses to a second set of written discovery, and met and conferred extensively on these and the previous requests. During this time frame, Plaintiff's attorneys researched and discussed the idea of filing an amended complaint to include an FDCPA claim against Defendant. They also discussed this new theory of the case with defense counsel.  [Rubel Decl. ¶¶ 16-17.]

Ultimately, the negotiations between the parties failed so, on May 29, 2015, Plaintiff filed her Motion for Leave to Amend to add an FDCPA claim and to add a new party. [Dkt. 49.] Plaintiff also filed a motion to shorten time to have her motion for leave heard on an earlier date. [Dkt. 51.][Rubel Decl. ¶ 17.] Immediately after Plaintiff filed her motions, this case was reassigned to this Court when the original District Court Judge, the Honorable Samuel Conti, recused himself. [Dkt. 54.] Plaintiff was required to re-notice the Motion before

---

[1] Originally, the complaint was filed against "Bay Area Credit Services, LLC" only and was later amended to include the full name of the Defendant as it is now pled.

this Court, which was re-set for August 6, 2015. [Dkt. 57.]  The motion was fully briefed by both sides.   Plaintiff's counsel flew to San Francisco for this hearing (and for a deposition scheduled for the day prior to the motion hearing date), although the Court ultimately took the matter under submission. [Dkt. 74.] [Rubel Decl. ¶ 18.]

On August 19, 2015, this Court granted Plaintiff's leave to amend as to the FDCPA claim only.  [Dkt. 76.]  Plaintiff filed her second amended complaint on August 31, 2015. [Dkt. 77.]  The following week, Defendant approached Plaintiff about a possible settlement.  After approximately four weeks of negotiation, during which Plaintiff's counsel was simultaneously working on the class certification motion, the parties were able to reach a settlement as to Plaintiff's TCPA and FDCPA claims.  Based on the parties' oral agreement, Defendant sent a Fed. R. Civ. Proc. 68 offer of judgment.  [Rubel Decl. ¶¶ 19-20.]

Plaintiff filed her notice of acceptance of this offer on September 30, 2015. [Dkt. 86.]  This Court entered final judgment on October 13, 2015 and ordered that Plaintiff submit her fee motion within 28 days of the Order in the instance the parties could not agree on a suitable fee reimbursement. [Dkt. 87.]  Although the parties have met and conferred about the fees on several occasions, they have reached a clear impasse. As a result, Plaintiff submits this motion for reimbursement of fees and costs. [Rubel Decl. ¶ 21.]

III.     **PLAINTIFF'S FEE REQUEST IS MERITORIOUS.**

Congress specifically provided a statutory right to recover attorneys' fees under the FDCPA. Camacho v. Bridgeport Financial, Inc., 523 F.3d 973, 978 (9th Cir. 2008); *see also* 15 U.S.C. § 1692k(a)(3). The purpose of this fee-shifting provision is to encourage private enforcement of the FDCPA by litigants who may not otherwise bring such a suit. Id.  In fact, "[t]*he FDCPA's statutory language makes an award of fees mandatory*" to the prevailing party. Camacho, 523 F.3d at 978 (citation omitted, emphasis added).

Plaintiff is the prevailing party here. She has agreed to accept $43,000 in full settlement of her claims against Defendant. There can be no mistake that Plaintiff has "won" her case.

Courts within this Circuit use the lodestar method to analyze fee requests. The lodestar is calculated "by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Id. at 978. This figure is generally presumed to be a reasonable fee award, although a district court may adjust the lodestar when extenuating factors warrant. Kerr v. Screen Extras Guild, Inc., 526, F.2d 67, 69–70 (9th Cir.1975).

Here, the total number of hours and the hourly rates requested by counsel are completely reasonable. Based on hours and rate, Counsel's lodestar is $ 82,295. However, in negotiating the settlement for their client, Plaintiff's counsel offered to agree to a cap of $50,000, to which Defendant readily agreed and, accordingly Plaintiff is limiting her request to this amount. [Dkt. 86.] [Rubel Decl. ¶20.] Counsel also request reimbursement of $ 3,580.46 in costs. [Declaration of Agueda Balderamma, ¶ 2, "Balderamma Decl."]

A. **The Amount of Hours Expended Was Reasonable.**

Counsel are entitled to be paid for "all the hours reasonably spent." Ketchum v. Moses, 24 Cal.4th 1122, 1133 (2001). Thus, a fee award is determined not by the minimum amount of work necessary to achieve the result, but by *all work reasonably performed* to achieve the result. See, e.g., Woolridge v. Mariene Indus. Corp., 898 F.2d 1169 (6th Cir. 1990).

> **The question is not whether ... in hindsight the time expenditure was strictly necessary to obtain the relief achieved. Rather, the standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed.**
> Id. at 1177.

Under this standard, compensation is appropriate for "every item of service which, at the time rendered, would have been undertaken by a reasonable and

prudent lawyer to advance or protect his client's interest." <u>Moore v Jas. H. Matthews & Co.</u>, 682 F.2d 830, 839 (9th Cir. 1982). "The measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." <u>Norman v Housing Auth.</u>, 836 F2d 1292, 1306 (11th Cir. 1988).

Once Plaintiff's counsel document their claim with credible time records, the burden shifts to Defendant to attempt to show that certain time may be unreasonable. <u>Hadley v Krepel</u>, 167 Cal.App.3d 677, 682 (1985). Here, however, every hour claimed by Plaintiff's counsel is compensable. First, the fee claim is documented by detailed time records showing how each hour of work was spent. [Rubel Decl. ¶ 10; Declaration of Brian J. Trenz in Support of Plaintiff's Motion for Attorneys' Fees ("Trenz Decl."), ¶ 2; Declaration of David P. Schafer in Support of Plaintiff's Motion for Attorneys' Fees ("Schafer Decl."), ¶ 3.] [See, generally, Exhibits A to the Rubel, Schafer, and Trenz Declarations.]

These time records are "the starting point for [the court's] lodestar determination." <u>Horsford v Board of Trustees</u>, 132 Cal.App.4th 359, 397 (2005). "[T]he verified time statements of the attorneys, as officers of the court, are entitled to credence in the absence of a clear indication the records are erroneous." <u>Id</u>. at 396. See also <u>Perkins v Mobile Housing Bd.</u>, 847 F.2d 735, 738 (11th Cir. 1988) (counsel's "sworn testimony that, in fact, it took the time claimed is evidence of considerable weight on the issue of the time required in the usual case").

Plaintiff's counsel exercised substantial billing judgment and discretion here. ***Each attorney reviewed their records and reduced them to reflect only the hours spent on the FDCPA claim***.  Their records reflect that they spent a combined 204.2 hours in prosecution of the FDCPA claim.  [Rubel Decl. ¶ 10, Schafer Decl. ¶ 3, Trenz Decl. ¶ 2.]  In many entries, even though the task took 'X' hours, the time was cut in half (or less) to reflect the reasonable amount of time actually

spent on the FDCPA claim.  Moreover, Counsel only began counting time from the date of discovery of the FDCPA claim. [Rubel Decl. ¶ 14.]  Thus, the substantial billing discretion exercised by counsel should be acknowledged by compensating them for all requested hours.

B. **The Hourly Rate Requested is Reasonable.**

The established standard when determining a reasonable hourly rate is the "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." Barjon v. Dalton, 132 F.3d 496, 502 (9th Cir.1997) (internal quotation marks omitted). Generally, the fee applicant must show the Court that the requested rates are similar to those in the community surrounding the district court by submitting affidavits from the fee applicant and any other local attorney that can provide a satisfactory sworn statement. Blum v. Stenson, 465 U.S. 886, 895 n. 11 (1984), *accord* Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986); See also, United Steelworkers of Am. v. Phelps Dodge Corp., 896 F.2d 403, 407 (9th Cir.1990).

Here, consumer class action litigation attorneys within the Northern District of California are routinely awarded rates ranging from $350 to $600 per hour, and more.  *See* Camacho, 523 F.3d at 979-80.[2]  To confirm the reasonable hourly rates in this District, Ms. Rubel contacted San Jose attorney Fred W. Schwinn of the Consumer Law Center to ask what usual hourly rates are awarded for cases of this type.  Mr. Schwinn was kind enough to send along two recent declarations in

---

[2] *See*, e.g., Rivera v. Portfolio Recovery Associates, LLC, 13-cv-2322 MEJ, 2013 WL 5311525, at *8 (N.D. Cal. Sept. 23, 2013) (awarding fees in successful FDCPA action at rates of $450 and $300 per hour); Scott v. Fed. Bond & Collection Serv., Inc., 10-cv- 02825 LHK, 2011 WL 3652531, at 4-5 (N.D. Cal. Aug. 19, 2011) (awarding fees in FDCPA action at rates of $350 and $250 per hour); Palmer v. Far West Collection Servs., Inc., 04-cv-03027 RMW, 2008 WL 5397140, at *1 (N.D. Cal. Dec. 18, 2008) (awarding fees in successful FDCPA action at rates of $325 and $465 per hour).

1  support of similar fee applications as evidence of the usual hourly rate in the
2  greater Bay Area.  [Rubel Decl. ¶ 22-24.] [Exh. B and C.]  These declarations
3  reveal that a customary hourly rate for a seven (7) year attorney is $400 per hour,
4  while a reasonable hourly rate for an attorney with more than 15 years of
5  experience is $500 per hour.

6  These hourly rates are directly in line with Plaintiff's counsels' request.
7  Plaintiff's attorneys have years of experience representing consumers in debt
8  collection and other consumer matters.

9  Mr. Schafer has been practicing law since 1996 and is the founder and owner
10 of The Law Offices of David P. Schafer which has exclusively practiced
11 consumer law and debt defense since 2005.  [Schafer Decl. ¶ 8.]  Mr. Schafer's
12 hourly rate of $450 is extremely reasonable given his 19 years of practice and 15
13 years of focus on consumer law.  Mr. Trenz is an equity partner at the Law Offices
14 of David Schafer and has been in practice since 2009.  [Trenz Decl. ¶ 6.]   He has
15 represented hundreds of clients since obtaining his license, primarily in the area of
16 consumer protection. [Trenz Decl. ¶ 6.]  Mr. Trenz's request for $400 per hour is
17 directly in line with the customary hourly rate in the Northern District of
18 California.

19 Ms. Rubel likewise requests reimbursement at $400 per hour.  She has been a
20 practicing attorney since 2007 and her firm's focus on consumer law has been
21 nearly exclusive since 2010.   Ms. Rubel has been practicing for eight (8) years,
22 five (5) of which has been dedicated to a consumer practice.  Ms. Rubel's request
23 of $400 is therefore reasonable in this judicial District.

24 C. **Plaintiff is Also Permitted to Seek Fees for the Time Spent on this Motion.**
25
26 "In statutory fee cases, federal courts…have uniformly held that time spent in
   establishing the entitlement to and amount of the fee is compensable." In re
27 Nucorp Energy, Inc., 764 F.2d 655, 659–660 (9th Cir.1985). This is so because it
28

would be inconsistent to dilute a fees award by refusing to compensate attorneys for the time they reasonably spent in establishing their rightful claim to the fee. Id. at 660; Kinney v. Int'l Bhd. of Elec. Workers, 939 F.2d 690, 695 (9th Cir.1991). Accordingly, counsel request that all hours spent in connection with this motion be compensated in full.

D. **The Costs Requested are Reasonable.**

Plaintiff seeks reimbursement of $3,580.46 in costs. [Balderamma Decl. ¶ 2.] Although ordinarily, taxable costs are limited to those identified in Fed. Civ. R. Proc. 15, Courts in the Northern District of California treat FDCPA cases a little differently. "[E]xpenses that are generally charged to paying clients may be awarded, even though they are not normally taxable as costs." See Defenbaugh v. JBC & Associates, Inc., 2004 WL 1874978 (N.D.Cal. Aug.10, 2004), cited by Garcia v. Resurgent Capital Servs., L.P., No. 2012 WL 3778852, at *12 (N.D. Cal. Aug. 30, 2012).

Thus, costs such as printing, postage, Westlaw legal research, depositions, and the like are fully compensable as costs here. Id., at *12. The breakdown of these costs are outlined in the Declaration of Agueda Balderamma, who also provided a summary of the costs attached as an exhibit. [Exh. A, Balderamma Decl.]

IV. **CONCLUSION**

For the foregoing reasons, Plaintiff's counsel requests reimbursement of costs in the amount of $3,580.46 and fees of $50,000. Counsel has exercised significant billing judgment and has presented the Court with a reasonable attorney's fee request. Moreover, the fact that Plaintiff's counsel agreed to limit their request to $50,000 should be given regard, since the combined lodestar is far in excess of this amount, at $82,295.

Respectfully submitted,

By: */s/ Kira M. Rubel*
Kira M. Rubel, Esq.