Kira M. Rubel (CA SBN/ 253970)
**LAW OFFICES OF KIRA M. RUBEL**
555 West Beech Street, Suite 230
San Diego, CA 92101
Tel: (800)-836-6531

David P. Schafer (TX SBN/ 00797865) *Admitted Pro hac vice*
Brian J. Trenz (TX SBN/24067911) *Admitted Pro hac vice*
**LAW OFFICES OF DAVID P. SCHAFER**
2139 N.W. Military HWY, Suite 200
San Antonio, TX 78213
Tel: (210) 348-0500
Fax: (210) 348-0520

*Attorneys for Plaintiff, Desiree Alvarado*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DESIREE ALVARADO, on behalf of herself and all others similarly situated,** ) <br><br> **Plaintiff,** ) <br><br> **vs.** ) <br><br> **HOVG, LLC, d/b/a BAY AREA CREDIT SERVICE LLC, a Limited Liability Company,** ) <br><br> **Defendant.** ) | CASE NO.  3:14-CV-02549-HSG <br><br> **DECLARATION OF KIRA M. RUBEL IN SUPPORT OF PLAINTIFF'S MOTION FOR REIMBURSEMENT OF ATTORNEY'S FEES AND COSTS** |

1. My name is Kira Rubel and I am one of the attorneys representing Plaintiff Desiree Alvarado in the above captioned matter. I make the following statements based upon my own personal knowledge.  If called upon to testify regarding same, I can and would do so competently.

2. I submit this declaration in support of my request for reimbursement of fees and costs.

3. I am the owner of the Law Offices of Kira M. Rubel, which I founded in 2010, and have been a California licensed attorney in good standing since 2007.  I am also admitted in the Southern, Central, and Northern District Courts of California.

4. I attended the University of San Diego, School of Law, graduated and passed the California state bar in 2007, and began working at Bernstein, Litowitz, Berger, & Grossmann; a firm which specializes in securities fraud and derivative class actions. During my two years at the firm, I litigated complex matters worth millions of dollars to defrauded investors. I also litigated employment class actions.  In 2009, I changed jobs and began working at a boutique civil litigation firm, during which time I took cases from inception to the eve of trial. I gained substantial experience in all facets of litigation.

5. Since opening the doors of my firm, my primary practice area has been consumer law. In particular, I have litigated a number of class actions arising under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").  I have litigated other consumer statutes as well, such as the Fair Debt Collection Practices Act, 15 U.S.C. §1692 ("FDCPA") and the Fair and Accurate Credit Reporting Act, 15 U.S.C.A. §§ 1681c(g)(1) ("FACTA").

6. I am extremely comfortable with my experience and knowledge of litigating complex matters, as I now have several years of background litigating such cases.

7. I have been admitted to practice before the following Courts:

2

a. Middle District of Florida – Orlando and Jacksonville, Florida (*Pro Hac Vice* 2011, 2014)

b. District Court of Massachusetts - (*Pro Hac Vice* 2011)

c. Southern District of California – Admitted 2007

d. Northern District of California – Admitted 2010

e. Central District of California – Admitted 2015

f. Supreme Court of California – Admitted 2007

8. My firm undertakes representation in many consumer cases with the expectation of being paid a contingency amount from the proceeds of the recovery (if any), or by being paid based on an award of fees arising under a fee shifting statute, like the FDCPA. My firm often fronts the costs for its clients and never knows whether and how much it will be paid as a result of these cases.

9. I have been involved in the following consumer matters since opening my doors in 2011:

a. *In re Enhanced Recovery Company*, Case No. mdl 2398 (Class action; Counsel for a Plaintiff in the lead action, prior to the action being re-categorized through the multi-district litigation process; Participated actively in every step of the litigation and settlement process.)

b. *In Re Midland MDL Proceeding*, Case No. mdl 2286; (Class action; Counsel for a Plaintiff in one of the lead actions, prior to the action being re-categorized through the multi-district litigation process;  still actively involved in the MDL litigation and settlement process.);

c. *Alvarado v. Protocol Recovery Services*, case no. 14-cv-1124; (Class action; Counsel for plaintiff.);

d. *Alvarado v. Bay Area*, case no. 14-cv-02549 (Class action; Counsel for

plaintiff.);

    e.   *Trenz v. Sirius XM Radio, Inc.*, et al, case no. 15-cv-00044-AJB-NLS (Counsel for plaintiff.);

    f.   *Whitaker v. Bennett Law*, case no. 13-cv-03145-L-NLS (The class was certified and I was appointed Class Counsel, obtained default judgment on behalf of class).

    g.   *Legg v. E-Z Rent A Car, Inc.*, case no. 14-cv-01716-PHB-DAB (Class action; Counsel for plaintiff, appointed for settlement purposes).

    h.   *Moroz v.Wells Fargo Bank, N.A.*, case no. 15-cv-1011-AJB-WVG (Counsel for plaintiff).

    i.   *Waterbury v.Friendlum, Inc. dba Direct Home Energy Solutions*, 15-cv-2206-JAH-DHB (Counsel for plaintiff).

    j.   *Waterbury v. Smithlum and Friend, Inc. dba Powerstar Home Energy Solutions, Inc.*, case no. 15-cv-2207-BAS-BLM (Class action; Counsel for plaintiff).

    k.   *Rubel v.Enhanced Recovery Company,* case no. 15-cv-2340-W-KSC (Counsel for plaintiff).

## **REASONABLE HOURS**

10. My billed hours are detailed at **Exhibit "A"** attached to this declaration.  I prepare my time records contemporaneously with my performance of the tasks.These time records do not duplicate work performed in any other case.  Before attaching these records, I reviewed them and reduced them to reflect what I believe is a conservative estimate of the time I spent on the FDCPA claim only.

11. In the last several months, the time spent on this claim has been significant as we were preparing for the eventuality of filing a certification motion on this specific claim.  I also

performed significant research prior to moving for leave to amend to ensure the viability of the claim and whether it would be in the best interest of the client and the class.

12. In total, I spent 128.5 hours in prosecution of the FDCPA claim.

13. The original complaint in this matter was filed on June 4, 2014.

14. We discovered the FDCPA claim on March 10, 2015, when Brian Trenz took the deposition of Defendant's person most knowledgeable for various topics under Federal Rule of Civil Procedure 30, and I attended. My hours reflect this discovery because, even though some of the discovery conducted prior to this deposition is relevant to the FDCPA claim, tracking hours from this day is the most reasonable start date.

15. The witness at the March 10 deposition was Kelly Wilson, Director of Operations at the company.  She testified regarding the type of dialer system used by Defendant, Defendant's employee training, and similar topics. During this deposition, Ms. Wilson disclosed that Plaintiff had told Defendant that she was represented by an attorney, and yet Defendant continued to call her after that revelation. Following the deposition, Mr. Trenz and I discussed the fact that this act violated the FDCPA.

16. Mr. Trenz and I debated whether and how we should amend the complaint for the following two months. I disclosed the possibility of this amendment to defense counsel, David Kaminski, on more than one occasion.

17. In May 2015, Mr. Trenz and I decided that it was prudent to move for leave to amend to add the FDCPA claim and AT&T as a defendant. Defendant would not stipulate to this amendment and so we wrote and filed a motion for leave. I also composed a motion to expedite the hearing because the Court's calendar was booked for almost two months.

18. This case was reassigned to this Court after I filed our motion for leave to amend and the hearing on the motion was scheduled for August 6, 2015.  I re-noticed the motion before this Court. During this time frame, I was in the process of planning a third party

deposition (also in San Francisco) and deliberately scheduled the deposition to take place on August 5, 2015, to minimize travel for all counsel.  I travelled to San Francisco for the deposition on August 5 and stayed overnight for the hearing the following day. During the afternoon of August 5, the Court took the matter regarding Plaintiff's amendment off calendar for a decision on the papers.  My co-counsel, Brian Trenz, was *en route* to San Francisco at that time.  Due to the expense of changing each of our flights to return on August 5, we both chose to stay in the city that evening and return on our regularly scheduled flights the next day.

19. On August 19, 2015, this Court granted our leave to amend to add the FDCPA claim. From that date until approximately four weeks later, we discussed possible settlement options with Defendant while preparing to file our certification motion, which was due on October 1.

20. Our group finally accepted a Rule 68 offer from Defendant in the amount of $43,000.  In the negotiation process, Mr. Trenz offered to limit our fee request to $50,000. Defendant readily accepted this offer.

21. The Rule 68 offer states that the parties could stipulate to an amount of fees or Plaintiff could apply by motion to the Court. Although both sides met and conferred, Defendant would not agree to our requested fee reimbursement, causing me to write this motion.

## **REASONABLE RATE**

22. For my services as an attorney in this case, I request a rate of $400 per hour.  This is less than the hourly rate that I ordinarily charge clients and include in my retainer.  I have performed research on the customary rates in the greater Bay Area for similar cases and have found that $400 per hour for an attorney with eight (8) years of experience is an average rate that has been accepted by this Court.

23. I have attached at **Exhibit "B"** the declaration of Fred. W. Schwinn, founder of the Consumer Law Center that practices in the San Jose area and who routinely submits fee applications to this Court.  He was kind enough to share a recent declaration he had done for the Northern District Court of California, San Jose division, which was filed on September 4, 2015.  Mr. Schwinn has been in practice since for approximately 18 years and the Northern District Court of California found his requested rate of $500 per hour to be reasonable and acceptable in this and other cases.

24. I have also attached at **Exhibit "C"** the declaration of Raeon Roulston, an associate at the Consumer Law Center with seven (7) years of experience.  This declaration is dated September 4, 2015 and requests an hourly rate of $400 per hour, which has been approved by Courts within this judicial district.  He has also been approved an hourly rate of $350 per hour in previous years.

25. My firm has incurred costs in this matter.  I paid for the initial filing and service processing fees of $400 and $69, respectively.I also paid for the Veritext deposition in San Francisco, which was $681.80. I printed 927 pages, for which I ordinarily bill $0.25 per page. And, finally, I conducted ongoing research on my Westlaw account for the past 15 months.  My monthly account payment is $80.  Rather than accounting for the cost as Westlaw would (per transaction or by time), I can reasonably state that approximately one-quarter of my time on Westlaw was dedicate to this case on a monthly basis, or in other words, $20 per month.

I declare that the foregoing is true under penalty of perjury and the laws of the State of California and the United States.

By:     _/s/ Kira M. Rubel_____
Kira M. Rubel, Esq.

EXHIBIT "A"

**Lodestar** – FDCPA CLAIM ONLY
Alvarado v. Bay Area, Case No. 14-cv-02549-HSG
*Attorney Kira M. Rubel*

| Date | Total Hours | FDCPA Portion | Description |
|------|-------------|---------------|-------------|
| 3/10/15 | 3.0 | 1.0 | Prepare and attend 30b6 deposition, discuss possible FDCPA claim with BT, prepare plaintiff for deposition. |
| 3/11/15 | 4.2 | .9 | Prepare for and attend plaintiff's deposition (.5), speak with BT re: potential FDCPA claim (.4). |
| 3/12/15 | .7 | .7 | Speak with BT re: potential FDCPA claim. |
| 3/13/15 | 2.5 | 2.5 | Review insurance policy again (.3), conduct legal research re: FDCPA claim (1.9), speak with BT (.3). |
| 3/16/15 | .4 | .2 | Compose email to schedule time to speak with oppo counsel. |
| 3/17/15 | .5 | .3 | Meet and confer with oppo counsel about possible amendment, speak about possibility of settlement, discovery issues. |
| 3/25/15 | 1.0 | .5 | Compose email to oppo counsel (.2), speak with BT about FDCPA claim (.3). |
| 3/30/15 | 1.5 | .7 | Compose subpoenas to LiveVox (.5), speak with BT by phone (.2). |
| 3/31/15 | .5 | .2 | Correspondence re: subpoenas (.2). |
| 4/8/15 | 1.3 | .7 | Finalize subpoena to LiveVox (.7). |
| 4/9/15 | 2.9 | 2.9 | Review errata page to Wilson depo (.2), review depo (2.0), speak with BT about FDCPA (.7). |
| 5/1/15 | .5 | .5 | Speak with BT re: FDCPA and meeting with client. |
| 5/11/15 | 4.2 | 3.9 | Speak with BT re: proposed amendment to complaint (.3), conduct additional research (3.1), conference call with DS and BT (.5). |
| 5/13/15 | 6.2 | 5.8 | Begin composition of proposed amended complaint (4.0), research (1.5), send to BT for comment (.3). |

**Lodestar** – FDCPA CLAIM ONLY
Alvarado v. Bay Area, Case No. 14-cv-02549-HSG
*Attorney Kira M. Rubel*

| 5/15/15 | 4.2 | 3.8 | Finalize complaint (3.3), send to BT and DS for review and comment (.5). |
|---|---|---|---|
| 5/18/15 | 2.5 | 2.5 | Speak with BT and DS (.4), correspondence re: proposed amended complaint (.3), finalize complaint (1.8). |
| 5/26/15 | .5 | .5 | Speak with BT re: amendment (.4), correspondence with oppo counsel (.1). |
| 5/27/15 | 1.2 | 1.2 | Speak with BT re: amendment (1.0), correspondence with oppo counsel (.2). |
| 5/28/15 | 5.3 | 5.3 | Speak with BT (.2), email oppo counsel re: amendment to complaint (.1), begin composition of motion for leave (5.0). |
| 5/29/15 | 8.1 | 8.1 | Finish preparing motion for leave to amend (5.9), compose declaration (.8), and append exhibits (1.2), correspond with oppo counsel and co-counsel (.3). |
| 6/1/15 | 3.6 | 3.0 | Correspond with oppo counsel (.1), co-counsel (.1). Compose motion to expedite hearing on motion for leave to amend and meet and confer re: discovery (2.8). |
| 6/5/15 | 1.2 | .4 | Review offer of judgment from oppo counsel (.1), call co-counsel (.3). |
| 6/8/15 | 1.5 | 1.0 | Review docket (.5), prepare for and speak with Livevox attorney (.5) |
| 6/9/15 | .9 | .9 | Review docket (.2), review court order (.1), call courtroom deputy (.2), revise motion for leave (.4). |
| 6/10/15 | .6 | .2 | Refile motion (.2) |
| 6/12/15 | .9 | .5 | Review opposition from defendant (.4), correspondence with oppo counsel (.1). |
| 6/15/15 | 3.8 | 2.8 | Follow up with Livevox (.1), review records (1.4), email correspondence (.1). Begin |

**Lodestar** – FDCPA CLAIM ONLY
Alvarado v. Bay Area, Case No. 14-cv-02549-HSG
*Attorney Kira M. Rubel*

| | | | |
|---|---|---|---|
| | | | composition of meet and confer letter (1.2). |
| 6/16/15 | 4.4 | 1.0 | Speak with Livevox attorney (.1), review records (.5), speak with co-counsel (.2). Finalize meet and confer letter, send to oppo counsel (.2). Correspond with mediator. |
| 6/18/15 | .6 | .3 | Speak with BT re Reply and oppo |
| 6/19/15 | 7.4 | 7.4 | Compose reply brief to motion for leave to amend, including exhibits and dec. (7.1). File reply (.3). |
| 6/23/15 | .9 | .5 | Correspondence with oppo counsel (.2), email with Livevox (.1), review docket (.2). |
| 6/24/15 | .5 | .2 | Set up court call (.2). |
| 6/26/15 | .6 | .3 | Review correspondence from oppo counsel. |
| 6/29/15 | 1.6 | .8 | Review correspondence from LiveVox counsel (.3); review joint CMC statement (.5). |
| 6/30/15 | .4 | .3 | Review filings (.1), correspondence with LiveVox (.2). |
| 7/2/15 | .2 | .2 | Review chamber rules (.1), email oppo counsel (.1). |
| 7/6/15 | 2.3 | 1.2 | Begin composition of joint discovery letter |
| 7/7/15 | 3.9 | 2.1 | Speak with LiveVox counsel (.2), review docs (1.3), speak with potential expert (.4), prepare for and telephonically attend CMC (.2). |
| 7/8/15 | .3 | .1 | Correspondence with LiveVox counsel |
| 7/9/15 | .8 | .8 | Speak with potential expert |
| 7/10/15 | .5 | .5 | Speak with BT re: LiveVox depo issues and topics. |
| 7/11/15 | .3 | .3 | Confer with LiveVox counsel. |
| 7/14/15 | 5.9 | 2.7 | Finalize composition of depo subpoena and schedule A (.8), send to Livevox counsel (.1), confer with BT (.2). |

**Lodestar** – FDCPA CLAIM ONLY
Alvarado v. Bay Area, Case No. 14-cv-02549-HSG
*Attorney Kira M. Rubel*

| | | | |
|---|---|---|---|
| | | | Compose and send oppo counsel with joint discovery letter for filing (1.6). |
| 7/17/15 | .2 | .2 | Email correspondence with oppo counsel. |
| 7/21/15 | 1.3 | 1.3 | Email correspondence with oppo counsel (.1), speak with BT (.3), speak with oppo counsel (.9) |
| 7/22/15 | .5 | .5 | Email correspondence re: subpoena to Lexis and Experian, speak with BT. |
| 7/23/15 | .5 | .5 | Speak with expert. |
| 7/24/15 | .5 | .5 | Speak with BT (.4), email correspondence with oppo counsel (.1). |
| 7/25/15 | .2 | .2 | Compose email re: joint discovery letter. |
| 7/27/15 | .8 | .8 | Speak with BT (.1), correspondence with oppo counsel (.5), correspondence with Livevox counsel and call LiveVox counsel (.2). |
| 7/28/15 | .5 | .2 | Correspondence re: expert and mediation deadlines (.1), discovery issues (.1). |
| 7/29/15 | .1 | .1 | Correspondence with mediator, BT. |
| 7/30/15 | .3 | .1 | Correspondence with oppo counsel, BT. |
| 7/31/15 | .7 | .3 | Correspondence with oppo counsel, BT. |
| 8/3/15 | .2 | .1 | Correspondence with oppo counsel and BT. |
| 8/4/15 | 2.1 | 1.0 | Correspondence with oppo counsel, BT (.1), depo prep (.9). |
| 8/5/15 | 5.5 | 5.5 | Travel to and take deposition of LiveVox designee (4.5). Begin preparation for motion for leave (1.0). |
| 8/7/15 | .2 | .1 | Correspondence re: supplemental discovery responses and mediation. |
| 8/11/15 | .1 | .1 | Correspondence with oppo counsel. |
| 8/12/15 | .9 | .4 | Email correspondence with oppo counsel re discovery (.1), BT re FDPCA (.3). |
| 8/13/15 | .2 | .1 | Email correspondence with |

**Lodestar** – FDCPA CLAIM ONLY
Alvarado v. Bay Area, Case No. 14-cv-02549-HSG
*Attorney Kira M. Rubel*

| | | | |
|---|---|---|---|
| | | | oppo counsel, BT re: discovery issues. |
| 8/18/15 | .2 | .2 | Email correspondence with oppo counsel, BT and Experien/Lexis re: discovery issues. |
| 8/19/15 | 1.5 | .7 | Email correspondence with oppo counsel, BT re: mediation, review court order, speak with BT. |
| 8/20/15 | 1.0 | .5 | Email correspondence re: mediation (.2), speak with BT (.3). |
| 8/21/15 | 2.0 | 1.0 | Finalize joint discovery letter (.6), speak with BT (.3), submit to BT for comment (.1). |
| 8/24/15 | .2 | .1 | Email correspondence with oppo counsel, BT. |
| 8/27/15 | .3 | .1 | Review oppo counsel's changes to letter. |
| 8/28/15 | .4 | .2 | Speak with BT, review chamber rules, email oppo counsel. |
| 8/30/15 | 1.0 | 1.0 | Review amended complaint for errors. |
| 8/31/15 | .8 | .5 | Review rule 68 research, speak with BT (.2); File amended complaint (.3) |
| 9/1/15 | 2.8 | 1.4 | Update joint discovery letter (.7), speak with oppo counsel re: same (.2), speak with BT (.2), file joint discovery letter and proposed order (.3) |
| 9/2/15 | .1 | .1 | Review docket. |
| 9/8/15 | .9 | .4 | Meet and confer with mediator (.1), compose and send stip to move mediation date to oppo counsel (.1), speak with BT (.2). |
| 9/9/15 | .5 | .5 | Speak with BT re: FDCPA class cert issues. |
| 9/10/15 | .2 | .2 | Correspondence with oppo counsel re Rule 68 |
| 9/14/15 | .5 | .5 | Speak with BT re Rule 68 |
| 9/15/15 | 7.1 | 7.1 | Cert motion, legal research re: FDCPA class, speak with expert. |
| 9/16/15 | 5.2 | 5.2 | Continued research re: cert |

**Lodestar** – FDCPA CLAIM ONLY
Alvarado v. Bay Area, Case No. 14-cv-02549-HSG
*Attorney Kira M. Rubel*

| | | | |
|---|---|---|---|
| | | | motion |
| 9/17/15 | 6.5 | 6.5 | Continued research and work on cert motion, spoke with expert re: FDCPA claims and methods of proof. |
| 10/13/15 | .4 | .4 | Review Court's order re: Fee motion deadline. Conduct research re: compensable costs. |
| 10/14/15 | 2.1 | 2.1 | Began legal research re: legal standard for fee motion in 9th Circuit and Northern District of California. |
| 10/16/15 | 5.3 | 5.3 | Continued legal research re: fee motion, began composition of papers. |
| 10/18/15 | .5 | .5 | Called attorney in the northern district re: usual and customary rates. |
| 10/19/15 | .5 | .5 | Received email from attorney from northern district, reviewed declarations. |
| 10/20/15 | .7 | .7 | Received declarations from co-counsel, reviewed documents. |
| 10/30/15 | 3.8 | 3.8 | Continued composition of fee motion. Reviewed order of the court re: fee motion deadline. |
| 11/2/15 | 7.3 | 7.3 | Proofed draft of fee motion, composed declaration, reviewed co-counsel's declarations, legal research. |
| | | | |
| **TOTAL** | | **128.5** | |
| **TOTAL @ $450/hour** | | **$ 51,400.00** | |

EXHIBIT "B"

Fred W. Schwinn (SBN 225575)
Raeon R. Roulston  (SBN 255622)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Plaintiff
SANDY ESTRELA NEVES

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| SANDY ESTRELA NEVES, <br><br> Plaintiff, <br><br> v. <br><br> BENCHMARK RECOVERY, INC., a Washington corporation, and JEFFREY J. LASNIER, individually and in his official capacity, <br><br> Defendants. | Case No.:  5:15-CV-01759-LHK-PSG <br><br> **DECLARATION OF FRED W. SCHWINN IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT** |

I, Fred W. Schwinn, declare under penalty of perjury, under the laws of the United States, 28 U.S.C. § 1746, that the following statements are true:

1.    I am an attorney at law duly licensed to practice before all the courts of the State of California and am a shareholder in the law firm Consumer Law Center, Inc., attorneys of record for Plaintiff, SANDY ESTRELA NEVES (hereinafter "Plaintiff").

2.    I have personal knowledge of the following facts, and if called as a witness, I could and would competently testify thereto.

3.    I am a member in good standing of the bars of the following courts:

Supreme Court of the United States
Washington, DC
2003

- 1 -

DECLARATION OF FRED W. SCHWINN                    Case No. 5:15-CV-01759-LHK-PSG

Supreme Court of California
Sacramento, California
2003

Supreme Court of Kansas
Topeka, Kansas
1997

U.S. Court of Appeals for the Tenth Circuit
Denver, Colorado
1999

U.S. Court of Appeals for the Ninth Circuit
San Francisco, California
2003

U.S. District Court for the District of Kansas
Topeka, Kansas
1997 (Inactive)

U.S. District Court for the Western District of Missouri
Jefferson City, Missouri
2001 (Inactive)

U.S. District Court for the Northern District of California
San Francisco, California
2003

U.S. District Court for the Eastern District of California
Sacramento, California
2003

U.S. District Court for the Central District of California
Los Angeles, California
2003

U.S. District Court for the Southern District of California
San Diego, California
2009

## **EDUCATION AND EXPERIENCE**

4. I am a 1994 graduate *magna cum laude* of Washburn University in Topeka, Kansas, and a 1997 graduate of Washburn University School of Law. In 1995, I passed the Uniform Certified

- 2 -

Public Accountant's examination and was granted a Certified Public Accountant certificate from the Kansas Board of Accountancy.  I am a member of the State Bar of California, Santa Clara County Bar Association, National Association of Consumer Advocates, National Association of Consumer Bankruptcy Attorneys, California Bankruptcy Forum, and a former member of the Topeka Area Bankruptcy Council, of which I am a past Treasurer.

5.  From September 26, 1997, until December 21, 2003, I maintained a private law practice with an office located in Topeka, Kansas.  In December of 2003, I relocated my law practice to California.  My practice is limited exclusively to the representation of consumers, with particular emphasis on representing consumer under the Fair Debt Collection Practices Act, Truth in Lending Act, Telephone Consumers Protection Act, Uniform Commercial Code, common law fraud, misrepresentation and deceit, usury, and other laws enacted to protect consumers.  My firm, the Consumer Law Center, Inc., undertakes representation in many consumer cases with the expectation of being paid a contingency amount from the proceeds of recovery, or being paid based on an award of fees pursuant to fee shifting statutes such as the federal Fair Debt Collection Practices Act, California Rosenthal Fair Debt Collection Practices Act, California Rees-Levering Automobile Sales Finance Act and California Unruh Act.

6.  I have given a number of lectures to consumers and professional groups on consumer law issues, including the Volunteer Legal Service Program of The Bar Association of San Francisco, Community Legal Services in East Palo Alto, Pro Bono Project and Fair Housing Law Project in San Jose, California.

7.  I was honored as "Attorney of the Year" in 2013 by Community Legal Services in East Palo Alto.  I was also honored as "Outstanding Volunteer Attorney" in 2011 and 2012 by the Volunteer Legal Services Program of the San Francisco County Bar Association.

8. I have been a member of the National Association of Consumer Advocates since 1999 and have attended at least fifteen (15) national conferences exclusively on consumer law issues.

9. I have an "AV Preeminent" rating by Martindale-Hubbell's Peer Review Ratings system in 2012, 2013, 2014 and 2015. I have also have a "Superb Rating" by Avvo[1] in 2011, 2012, 2013, 2014, and 2015, with a perfect 10.0 rating each year.

10. I have been interviewed, and quoted, by the New York Times, San Jose Mercury News, California Lawyer magazine, California Watch, and The Pacific Northwest Inlander. I have assisted numerous consumers in both chapter 7 and chapter 13 bankruptcies, and been involved in many consumer cases involving a range of consumer protection laws. I have handled several cases that have resulted in reported decisions favorable to consumers including:

### APPELLATE COURTS

- *Lauron v. Prof'l Collection Consultants*, 2014 Cal. App. Unpub. LEXIS 8983 (Cal. App. 6th Dist. Dec. 18, 2014) (denying debt collectors' interlocutory appeal).
- *Lujan v. Prof'l Collection Consultants*, 2014 Cal. App. Unpub. LEXIS 8555 (Cal. App. 1st Dist. Nov. 26, 2014) (denying debt collectors' interlocutory appeal).
- *Tye v. Salomon (In re Salomon)*, 2014 Bankr. LEXIS 897 (B.A.P. 9th Cir. Mar. 7, 2014) (affirming denial of motion to extend time for filing appeal).
- *Target National Bank v. Rocha*, 216 Cal App. 4th Supp. 1 (Cal. Super. Ct. 2013) (holding that Code of Civil Procedure § 98 declarants must be physically present within 150 miles of the place of trial).
- *Riggs v. Prober & Raphael*, 681 F.3d 1097 (9th Cir. 2012) (holding that an initial debt collection letter violates 15 U.S.C. § 1692g(a)(3) only if it explicitly requires disputes in writing).
- *Cruz v. Int'l Collection Corp.*, 673 F.3d 991 (9th Cir. 2012) (collection agency owner qualified as a debt collector, and his personal acts were sufficient to render him liable for violations of the FDCPA).
- *Fontaine v. Superior Court*, 175 Cal. App. 4th 830 (Cal. App. 6th Dist. 2009) (Peremptory writ of mandate was issued. Venue proper in Santa Clara County pursuant to California Code of Civil Procedure § 395(b)).
- *Resurgence Financial, LLC v. Chambers*, 173 Cal. App. 4th Supp. 1 (Cal. Super. Ct. 2009) (Superior Court erred in failing to apply Delaware's three year statute of limitations required by contract choice-of-law clause).
- *Giovannoni v. Bidna & Keys*, 255 Fed. Appx. 124, 2007 U.S. App. LEXIS 26242 (9th Cir. October 17, 2007) (District Court erred in failing to award non-taxable costs under FDCPA, 15

---

[1] http://www.avvo.com/attorneys/95113-ca-frederick-schwinn-361966.html

- 4 -

U.S.C. § 1692k(a)(3)).

- *Ramirez v. Household Fin. Corp. III (In re Ramirez)*, 329 B.R. 727 (D. Kan. 2005) (affirming Bankruptcy Court's rescission of mortgage loan under the Truth in Lending Act).
- *Ed Bozarth Chevrolet, Inc. v. Black*, 96 P.3d 272 (Kan. Ct. App. 2003) (spot delivery agreements do not violate Kansas law).
- *Green v. Kan. City Power & Light Co. (In re Green)*, 281 B.R. 699 (D. Kan. 2002) (remanding Bankruptcy Court decision granting summary judgment for determination of "aggrieved consumer" status under the Kansas Consumer Protection Act).

## U.S. DISTRICT COURTS

- *Martell v. Baker*, 2015 U.S. Dist. LEXIS 83528 (N.D. Cal. June 25, 2015) (awarding attorney fees and costs in FDCPA case).
- *Marnani v. Mezzetti Fin. Servs.*, 2015 U.S. Dist. LEXIS 24153 (N.D. Cal. Feb. 24, 2015) (granting motion to strike affirmative defenses in FDCPA case).
- *Bentkowsky v. Benchmark Recovery, Inc.*, 2015 U.S. Dist. LEXIS 12694 (N.D. Cal. Feb. 2, 2015) (granting motion to alter or amend judgment to specify that collection agency principal was jointly and severally liable).
- *Gold v. Midland Credit Mgmt.*, 2014 U.S. Dist. LEXIS 142758 (N.D. Cal. Oct. 7, 2014) (granting class certification under Rule 23(b)(3) in a FDCPA class action case).
- *Camacho v. Jefferson Capital Sys., LLC*, 2014 U.S. Dist. LEXIS 141216 (N.D. Cal. Oct. 2, 2014) (granting motion to strike affirmative defenses in FDCPA case).
- *Krulee v. Receivables Performance Mgmt., LLC*, 2014 U.S. Dist. LEXIS 141181 (N.D. Cal. Oct. 1, 2014) (granting motion to strike affirmative defenses in FDCPA case).
- *Jacobson v. Persolve, LLC*, 2014 U.S. Dist. LEXIS 115601 (N.D. Cal. Aug. 19, 2014) (granting motion to strike affirmative defenses in FDCPA class action case).
- *Davis v. Midland Funding*, 2014 U.S. Dist. LEXIS 109309 (E.D. Cal. Aug. 6, 2014) (denying debt buyers motion for summary judgment in FDCPA case).
- *Skinner v. Mt. Lion Acquisitions, Inc.*, 2014 U.S. Dist. LEXIS 106815 (N.D. Cal. Aug. 1, 2014) (denying debt buyers motion to dismiss in FDCPA case).
- *Long v. Nationwide Legal File & Serve, Inc.*, 2014 U.S. Dist. LEXIS 101670 (N.D. Cal. July 23, 2014) (awarding attorney fees and costs in FDCPA case).
- *Bentkowsky v. Benchmark Recovery, Inc.*, 2014 U.S. Dist. LEXIS 110259 (N.D. Cal. July 10, 2014) (compelling document production in FDCPA case).
- *Gold v. Midland Credit Mgmt.*, 2014 U.S. Dist. LEXIS 93461 (N.D. Cal. July 9, 2014) (compelling Rule 30(b)(6) deposition topics in FDCPA class action case).
- *Gold v. Midland Credit Mgmt.*, 2014 U.S. Dist. LEXIS 93448 (N.D. Cal. July 9, 2014) (compelling document production in FDCPA class action case).
- *Neves v. Kraft*, 2014 U.S. Dist. LEXIS 70670 (N.D. Cal. May 22, 2014) (granting motion for default judgment in FDCPA case).
- *Younger v. Michael & Assocs., P.C.*, 2014 U.S. Dist. LEXIS 60916 (N.D. Cal. Apr. 30, 2014) (granting motion for attorney fees and costs in FDCPA case).
- *Tsoi v. Patenaude & Felix*, 2014 U.S. Dist. LEXIS 52197 (N.D. Cal. Apr. 15, 2014) (granting motion for attorney fees and costs in FDCPA case).
- *Brown v. Mandarich Law Group, LLP*, 2014 U.S. Dist. LEXIS 47020 (N.D. Cal. Apr. 2, 2014) (granting motion for attorney fees and costs in FDCPA case).

- *De Amaral v. Goldsmith & Hull*, 2014 U.S. Dist. LEXIS 45730 (N.D. Cal. Apr. 1, 2014) (granting motion for attorney fees and costs in FDCPA case).
- *Claflin v. Mandarich Law Group, LLP*, 2014 U.S. Dist. LEXIS 22447 (N.D. Cal. Feb. 21, 2014) (denying motion to dismiss or stay action based on principles of abatement).
- *Gold v. Midland Credit Mgmt.*, 2014 U.S. Dist. LEXIS 27605 (N.D. Cal. Feb. 20, 2014) (compelling discovery in class action case).
- *De Amaral v. Goldsmith & Hull*, 2014 U.S. Dist. LEXIS 18568 (N.D. Cal. Feb. 11, 2014) (granting summary judgment in FDCPA case).
- *Johnson v. CFS II, Inc.*, 2013 U.S. Dist. LEXIS 180793 (N.D. Cal. Dec. 27, 2013) (granting motion for attorney fees and costs in FDCPA case).
- *Johnson v. CFS II, Inc.*, 2013 U.S. Dist. LEXIS 178542 (N.D. Cal. Dec. 19, 2013) (denying Defendant's motion to reconsider).
- *Madison v. Goldsmith & Hull*, 2013 U.S. Dist. LEXIS 153168 (N.D. Cal. Oct. 24, 2013) (striking affirmative defenses and awarding service costs and attorney fees pursuant to Fed. R. Civ. P. 4(d)(2)).
- *Rivera v. Portfolio Recovery Assocs., LLC*, 2013 U.S. Dist. LEXIS 136002 (N.D. Cal. Sept. 23, 2013) (granting motion for attorney fees and costs).
- *Long v. Nationwide Legal File & Serve, Inc.*, 2013 U.S. Dist. LEXIS 132971 (N.D. Cal. Sept. 17, 2013) (granting in part, motion for summary judgment).
- *Ansari v. Elec. Document Processing Inc.*, 2013 U.S. Dist. LEXIS 124798 (N.D. Cal. Aug. 28, 2013) (granting in part, motion for summary judgment).
- *Holmes v. Elec. Document Processing, Inc.*, 966 F. Supp. 2d 925 (N.D. Cal. 2013) (denying motion to dismiss and motion to strike FDCPA case).
- *Chan v. Booska*, 2013 U.S. Dist. LEXIS 109005 (N.D. Cal. July 15, 2013) (awarding attorney fees in FDCPA case).
- *Gandeza v. Brachfeld Law Group*, 2013 U.S. Dist. LEXIS 91534 (N.D. Cal. June 27, 2013) (granting motion to strike affirmative defenses).
- *Johnson v. CFS, II, Inc.*, 2013 U.S. Dist. LEXIS 61017 (N.D. Cal. Apr. 28, 2013) (granting summary judgment and awarding treble damages under Cal. Civil Code § 3345).
- *Ansari v. Elec. Document Processing, Inc.*, 2013 U.S. Dist. LEXIS 24776 (N.D. Cal. Feb. 22, 2013) (granting motion to strike affirmative defenses without leave to amend).
- *De Amaral v. Goldsmith & Hull*, 2013 U.S. Dist. LEXIS 24085 (N.D. Cal. Feb. 21, 2013) (denying motion to dismiss and motion to transfer).
- *De Amaral v. Goldsmith & Hull*, 2012 U.S. Dist. LEXIS 172779 (N.D. Cal. Dec. 5, 2012) (denying motion to dismiss and special motion to strike).
- *Ansari v. Elec. Document Processing, Inc.*, 2012 U.S. Dist. LEXIS 128622 (N.D. Cal. Sept. 10, 2012) (granting motion to strike affirmative defenses).
- *Gonzalez v. Heritage Pac. Fin., LLC*, 2012 U.S. Dist. LEXIS 112195 (C.D. Cal. Aug. 8, 2012) (granting motion to strike affirmative defenses).
- *Ear v. Empire Collection Auths., Inc.*, 2012 U.S. Dist. LEXIS 110906 (N.D. Cal. Aug. 7, 2012) (granting in part motion to strike affirmative defenses).
- *Freeman v. ABC Legal Services, Inc.*, 877 F. Supp. 2d 919 (N.D. Cal. 2012) (granting in part and denying in part motion to dismiss FDCPA case).
- *Perez v. Gordon & Wong Law Group, P.C.*, 2012 U.S. Dist. LEXIS 41080 (N.D. Cal. Mar. 26, 2012) (denying motion for summary judgment and granting, in part, motion to strike affirmative defenses).

- *Gonzalez v. Heritage Pac. Fin., LLC*, 2012 U.S. Dist. LEXIS 27315 (E.D. Cal. Feb. 29, 2012) (denying motion to dismiss for improper venue).
- *Dion v. Fulton Friedman & Gullace LLP*, 2012 U.S. Dist. LEXIS 5116 (N.D. Cal. Jan. 17, 2012) (granting motion to strike affirmative defenses).
- *Freeman v. ABC Legal Services, Inc.*, 827 F. Supp. 2d 1065 (N.D. Cal. 2011) (denying motion to dismiss "sewer service" FDCPA case).
- *Scott v. Fed. Bond & Collection Serv.*, 2011 U.S. Dist. LEXIS 93043 (N.D. Cal. Aug. 19, 2011) (awarding attorney fees in FDCPA case).
- *Scott v. Fed. Bond & Collection Serv.*, 2011 U.S. Dist. LEXIS 5278 (N.D. Cal. Jan. 19, 2011) (denying motion to dismiss and granting in part motion to strike affirmative defenses).
- *Cruz v. Int'l Collection Corp.*, 2010 U.S. Dist. LEXIS 69688 (N.D. Cal. June 8, 2010) (awarding attorney fees in FDCPA case).
- *Bretana v. Int'l Collection Corp.*, 2010 U.S. Dist. LEXIS 68872 (N.D. Cal. June 8, 2010) (awarding attorney fees in FDCPA case).
- *Cruz v. Int'l Collection Corp.*, 2009 U.S. Dist. LEXIS 122538 (N.D. Cal. Dec. 18, 2009) (granting motion to alter or amend judgment to include award of statutory damages).
- *Cruz v. Int'l Collection Corp.*, 2009 U.S. Dist. LEXIS 122584 (N.D. Cal. Dec. 18, 2009) (granting motion to alter or amend judgment to include award of statutory damages).
- *Cruz v. Int'l Collection Corp.*, 2009 U.S. Dist. LEXIS 91373 (N.D. Cal. Sept. 29, 2009) (granting summary judgment).
- *Cruz v. Int'l Collection Corp.*, 2009 U.S. Dist. LEXIS 91503 (N.D. Cal. Sept. 29, 2009) (granting summary judgment).
- *Carrizosa v. Stassinos*, 2009 U.S. Dist. LEXIS 29841 (N.D. Cal. Mar. 30, 2009) (granting class certification).
- *Owens v. Brachfeld*, 2008 U.S. Dist. LEXIS 102381 (N.D. Cal. Dec. 5, 2008) (awarding attorney fees in FDCPA case).
- *Bankston v. Phycom Corp.*, 2008 U.S. Dist. LEXIS 83073 (N.D. Cal. Sept. 25, 2008) (granting default judgment in FDCPA case).
- *Cruz v. Int'l Collection Corp.*, 2008 U.S. Dist. LEXIS 79334 (N.D. Cal. Sept. 22, 2008) (compelling discovery in FDCPA case).
- *Meyer v. ARS Nat'l Servs.*, 2008 U.S. Dist. LEXIS 79331 (N.D. Cal. Aug. 26, 2008) (awarding attorney fees in FDCPA case).
- *Graff v. Hunt & Henriques*, 2008 U.S. Dist. LEXIS 65355 (N.D. Cal. Aug. 25, 2008) (denying summary judgment in FDCPA case).
- *Graff v. Hunt & Henriques*, 2008 U.S. Dist. LEXIS 65933 (N.D. Cal. Aug. 23, 2008) (granting protective order in FDCPA case).
- *Owens v. Brachfeld*, 2008 U.S. Dist. LEXIS 63701 (N.D. Cal. Aug. 19, 2008) (granting summary judgment in FDCPA case).
- *Napier v. Titan Mgmt. Servs., LLC*, 2008 U.S. Dist. LEXIS 60575 (N.D. Cal. July 25, 2008) (granting default judgment and awarding attorney fees in FDCPA case).
- *Graff v. Hunt & Henriques*, 2008 U.S. Dist. LEXIS 105836 (N.D. Cal. July 23, 2008) (granting motion to quash subpoena in FDCPA case).
- *Cruz v. Int'l Collection Corp.*, 2008 U.S. Dist. LEXIS 79203 (N.D. Cal. June 2, 2008) (denying defendants' motion to dismiss and granting motion to strike offer of judgment in FDCPA case).
- *Cruz v. Int'l Collection Corp.*, 2008 U.S. Dist. LEXIS 55298 (N.D. Cal. June 2, 2008) (denying motion to dismiss in FDCPA case).

- *Reyes v. Kenosian & Miele, LLP*, 2008 U.S. Dist. LEXIS 4120 (N.D. Cal. Jan. 17, 2008) (cross-motions for summary judgment in FDCPA case).
- *Tong v. Capital Mgmt. Servs. Group, Inc.*, 2008 U.S. Dist. LEXIS 91120 (N.D. Cal. Jan. 18, 2008) (awarding attorney fees in FDCPA case).
- *Bankston v. Phycom Corp.*, 2007 U.S. Dist. LEXIS 89284 (N.D. Cal. Nov. 19, 2007) (denying motion to dismiss in FDCPA case).
- *Navarro v. Eskanos & Adler*, 2007 U.S. Dist. LEXIS 24864 (N.D. Cal. Mar. 22, 2007) (determine confidential status of documents in FDCPA case).
- *Mejia v. Marauder Corp.*, 2007 U.S. Dist. LEXIS 21313 (N.D. Cal. Mar. 15, 2007) (granting partial summary judgment in FDCPA case).
- *Navarro v. Eskanos & Adler*, 2007 U.S. Dist. LEXIS 15046 (N.D. Cal. Feb. 20, 2007) (summary judgment in FDCPA case).
- *Reyes v. Kenosian & Miele*, LLP, 525 F. Supp. 2d 1158 (N.D. Cal. 2007) (granting judgment on the pleadings in FDCPA case).
- *Tong v. Capital Mgmt. Servs. Group*, 520 F. Supp. 2d 1145 (N.D. Cal. 2007) (denying motion for judgment on the pleadings in FDCPA case).
- *Navarro v. Eskanos & Adler*, 2006 U.S. Dist. LEXIS 90880 (N.D. Cal. Dec. 7, 2006) (granting leave to file amended complaint in FDCPA case).
- *Mejia v. Marauder Corp.*, 2006 U.S. Dist. LEXIS 81126 (N.D. Cal. Oct. 24, 2006) (granting motion to compel in FDCPA case).
- *Holsinger v. Wolpoff & Abramson, LLP*, 2006 U.S. Dist. LEXIS 55406 (N.D. Cal. July 27, 2006) (cross-motions for summary judgment in FDCPA case).
- *Holsinger v. Wolpoff & Abramson, L.L.P.*, 2006 U.S. Dist. LEXIS 33653 (N.D. Cal. May 17, 2006) (determine confidential status of documents in FDCPA case).
- *Chan v. N. Am. Collectors, Inc.*, 2006 U.S. Dist. LEXIS 13353 (N.D. Cal. Mar. 24, 2006) (denying motion to dismiss in FDCPA case).
- *Giovannoni v. Bidna & Keys*, 2006 U.S. Dist. LEXIS 35472 (N.D. Cal. Feb. 3, 2006) (awarding attorney fees in FDCPA case).
- *Caputo v. Prof'l Recovery Servs.*, 2004 U.S. Dist. LEXIS 14931 (D. Kan. July 27, 2004) (awarding attorney fees in FDCPA case).
- *Caputo v. Prof'l Recovery Servs.*, 261 F. Supp. 2d 1249 (D. Kan. 2003) (cross-motions for summary judgment in FDCPA case).

## U.S. BANKRUPTCY COURTS

- *Tye v. Salomon (In re Salomon)*, 2013 Bankr. LEXIS 354 (Bankr. N.D. Cal. Jan. 29, 2013) (granting discharge in non-dischargeability case).
- *Cushing v. Household Fin. Corp. III (In re Cushing)*, 2005 Bankr. LEXIS 99 (Bankr. D. Kan. Jan. 21, 2005) (Truth in Lending Act rescission denied).
- *Merriman v. Beneficial Mortg. (In re Merriman)*, 329 B.R. 710 (D. Kan. 2005) (finding violations of the Truth in Lending Act and granting rescission of home mortgage loan).
- *Quenzer v. Advanta Mortg. Corp. USA (In re Quenzer)*, 2005 Bankr. LEXIS 2627 (Bankr. D. Kan. Dec. 22, 2005) (denying lender's request for post-rescission interest under Truth in Lending Act).
- *Sinclair v. Wash. Mut. Home Loans, Inc. (In re Sinclair)*, 2004 Bankr. LEXIS 1415 (Bankr. D. Kan. Aug. 16, 2004) (denying lender leave to assert affirmative defense in Truth in Lending Act

DECLARATION OF FRED W. SCHWINN       Case No. 5:15-CV-01759-LHK-PSG

case).

- *Finch v. Household Fin. Corp. III (In re Finch)*, 2003 Bankr. LEXIS 2049 (Bankr. D. Kan. Nov. 7, 2003) (finding violations of the Truth in Lending Act and granting rescission of home mortgage loan).
- *Bilal v. Household Finance Corporation III (In re Bilal)*, 296 B.R. 828 (D. Kan. 2003) (holding that the inclusion of language in a Chapter 13 Plan which rescinds a home mortgage loan under the Truth in Lending Act is binding on a mortgage creditor who fails to object before confirmation).
- *Nave v. Commun. Am. Credit Union (In re Nave)*, 303 B.R. 223 (Bankr. D. Kan. 2003) (credit life insurance premiums paid monthly are not included in "amount financed" under the Truth in Lending Act).
- *Quenzer v. Advanta Mortg. Corp. United States*, 288 B.R. 884 (D. Kan. 2003) (equitable principles apply in Truth in Lending Act rescission).
- *Ramirez v. Household Finance Corporation III (In re Ramirez)*, 2003 Bankr. LEXIS 1364 (D. Kan. 2003) (finding violations of the Truth in Lending Act and granting rescission of home mortgage loan).
- *In re Green*, 287 B.R. 827 (D. Kan. 2002) (holding that the inclusion of language in a Chapter 13 Plan which attempts to discharge student loans should be reviewed on a case-by-case basis).
- *In re Crosby*, 261 B.R. 470 (D. Kan. 2001) (holding that the issuance of a Form 1099-C by a creditor forgives the debt).
- *Quenzer v. Advanta Mortg. Corp. (In re Quenzer)*, 274 B.R. 899 (Bankr. D. Kan. 2001) (finding violations of the Truth in Lending Act and granting rescission of home mortgage loan).
- *Quenzer v. Advanta Mortg. Corp. (In re Quenzer)*, 266 B.R. 760 (Bankr. D. Kan. 2001) (voiding lien after Truth in Lending Act rescission).

11.     My firm's work in connection with this case is shown on the schedule attached hereto, marked Exhibit "B."  My staff and I prepared our time records contemporaneously with our performance of the work, using the Amicus Attorney Premium software package for law offices. The time records do not duplicate work performed in any other file.

## TIME AND HOURLY RATE

12.     For my services as an attorney in this case, Consumer Law Center, Inc., seeks an hourly rate of $500.00.  This hourly rate is reasonable, and comparable to the rates being charged by attorneys of similar experience and expertise in the San Francisco Bay Area's federal and state courts. Courts in Northern California have awarded me my 2015 rate of $500.00 per hour in a number of cases, including:

/ / /

DECLARATION OF FRED W. SCHWINN                    Case No. 5:15-CV-01759-LHK-PSG

| Case Name | Court | Case No. / Date | Judge |
|---|---|---|---|
| *Martell v. Baker*[2] | Northern District of California | 5:14-CV-04723-BLF (June 25, 2015) | Freeman |
| *Bentkowsky v. Benchmark* | Northern District of California | 5:13-CV-01252-VC (March 24, 2015) | Chhabria |

13.    My previous hourly rate was $450.00 per hour.  Going back to 2013, several courts in Northern California have awarded my previous hourly rate of $450 in a number of cases, including:

| Case Name | Court | Case No. / Date | Judge |
|---|---|---|---|
| *Skinner v. Mountain Lion Acquisitions, LLC* | Northern District of California | 5:13-CV-0074-NC (May 18, 2015) | Cousins |
| *Long v. Nationwide Legal File & Serve, Inc.* | Northern District of California | 5:12-CV-03578-LHK (July 23, 2014) | Koh |
| *Neves v. Kraft* | Northern District of California | 5:13-CV-04724-LHK (May 22, 2014) | Koh |
| *Wells Fargo Bank, N.A. v. Hernaez* | Santa Clara County | 1-10-CV-176117 (May 5, 2014) | Woodhouse |
| *Younger v. Michael & Assocs., PC* | Northern District of California | 4:13-CV-01679-YGR (April 30, 2014) | Rogers |
| *Tsoi v. Patenaude & Felix* | Northern District of California | 3:13-CV-00143-SI (April 15, 2014) | Illston |
| *Brown v. Mandarich Law Group, LLP* | Northern District of California | 3:13-CV-4703-JSC (April 2, 2014) | Corley |
| *DeAmaral v. Goldsmith & Hull* | Northern District of California | 3:12-CV-03580-WHO (April 1, 2014) | Orrick |
| *The 704 Group, LLC v. Hairston* | Santa Clara County | 1-13-CV-246118 (November 12, 2013) | Manoukian |
| *Rivera v. Portfolio Recovery Assocs., LLC* | Northern District of California | 3:13-CV-02322-MEJ (September 23, 2013) | James |

14.    Consumer Law Center, Inc., seeks compensation for 6.10 hours of the total time

---

[2]  *Martell v. Baker*, 2015 U.S. Dist. LEXIS 83528, at *6 (N.D. Cal. June 25, 2015) ("The Court thus finds that Plaintiff has sufficiently demonstrated that his attorneys' requested hourly rates [of $500 for Fred W. Schwinn and $400 for Raeon R. Roulston] are reasonable based on prevailing market rates for attorneys with similar experience and skill.").

DECLARATION OF FRED W. SCHWINN                    Case No. 5:15-CV-01759-LHK-PSG

that I spent performing legal services for Plaintiff in this case.

## COSTS

15.     In the San Francisco Bay Area it is customary for lawyers to bill their clients separately, in addition to their regular hourly rate, for expert witness fees, court reporter fees, long distance telephone calls, on-line research charges, copying and facsimile costs, postage and delivery charges, and travel costs, including mileage, tolls and parking.  Consumer Law Center, Inc., advanced the following fees and costs, and incurred the following expenses in this matter:

| | |
|---|---|
| Filing fees to Clerk of Court | $400.00 |
| Photocopying (21 @ $.20/copy) | $2.80 |
| Postage | $1.42 |
| Process Server Fees | $337.50 |
| TOTAL | $741.72 |

16.     The requested attorney's fees and costs were reasonable and necessary to the litigation in this matter.

Executed at San Jose, California on September 4, 2015.

 /s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2403
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

DECLARATION OF FRED W. SCHWINN                Case No. 5:15-CV-01759-LHK-PSG

"

"

"

"

"

"

"

"

"

"

"

"

"

"

"

"

"

"

"

"

GZ J KDKV"õEö"

Fred W. Schwinn (SBN 225575)
Raeon R. Roulston  (SBN 255622)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Plaintiff
SANDY ESTRELA NEVES

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| SANDY ESTRELA NEVES,<br><br>                          Plaintiff,<br><br>        v.<br><br>BENCHMARK RECOVERY, INC., a<br>Washington corporation, and JEFFREY J.<br>LASNIER, individually and in his official<br>capacity,<br><br>                          Defendants. | Case No. 5:15-CV-01759-LHK-PSG<br><br>**DECLARATION OF RAEON R.<br>ROULSTON IN SUPPORT OF MOTION<br>FOR DEFAULT JUDGMENT** |

I, Raeon R. Roulston, declare under penalty of perjury, under the laws of the United States, 28

U.S.C. § 1746, that the following statements are true:

1.    I am an attorney at law duly licensed to practice before all the courts of the State of

California and am an associate attorney at the law firm Consumer Law Center, Inc., attorneys of record

for Plaintiff, SANDY ESTRELA NEVES (hereinafter "Plaintiff").

2.    I have personal knowledge of the following facts, and if called as a witness, I could

and would competently testify thereto.

3.    I am a member in good standing of the bars of the following courts:

Supreme Court of California
Sacramento, California
2008

---

DECLARATION OF RAEON R. ROULSTON                    Case No. 5:15-CV-01759-LHK-PSG

U.S. Court of Appeals for the Ninth Circuit
San Francisco, California
2010

U.S. District Court for the Northern District of California
San Francisco, California
2008

U.S. District Court for the Eastern District of California
Sacramento, California
2008

U.S. District Court for the Central District of California
Los Angeles, California
2008

## **EDUCATION AND EXPERIENCE**

4.     I am a 2007 graduate of Santa Clara University School of Law in Santa Clara, California, and a 2003 graduate *magna cum laude* of Morgan State University in Baltimore, Maryland. I am a member of the State Bar of California, American Bar Association, National Association of Consumer Advocates, National Association of Consumer Bankruptcy Attorneys, and Santa Clara County Trial Lawyers Association.

5.     My practice is limited exclusively to the representation of consumers, with particular emphasis on representing consumer debtors under the United States Bankruptcy Code.   In addition to Bankruptcy cases, I handle matters under the Fair Debt Collection Practices Act, Truth in Lending Act, Telephone Consumers Protection Act, Uniform Commercial Code, common law fraud, misrepresentation and deceit, usury, and other laws enacted to protect consumers.  My firm, Consumer Law Center, Inc., undertakes representation in many consumer cases with the expectation of being paid a contingency amount from the proceeds of recovery, or being paid based on an award of fees pursuant to fee shifting statutes such as the federal Fair Debt Collection Practices Act, California Rosenthal Fair Debt Collection Practices Act, California Rees-Levering Automobile Sales Finance Act and California

DECLARATION OF RAEON R. ROULSTON                    Case No. 5:15-CV-01759-LHK-PSG

Unruh Act.

6.    I have given a number of lectures to consumers and professional groups on consumer law issues, including Community Legal Services in East Palo Alto, Pro Bono Project in San Jose, and the Veterans' Administration in Menlo Park, California.

7.    In 2013, I was one of two recipients of the Attorney of the Year award by the Community Legal Services in East Palo Alto non-profit.  I have been a member of the National Association of Consumer Advocates since 2008 and have attended at least seven (7) national conferences exclusively on consumer law issues.

8.    I am my firm's primary trial counsel on collection defense matters, and I have tried most of the cases my firm has taken to trial in the past 5 years.  I have assisted numerous consumers in both chapter 7 and chapter 13 bankruptcies, and been involved in many consumer cases involving a range of consumer protection laws.

9.    I have assisted on several cases that have resulted in reported decisions favorable to consumers including: *Target National Bank v. Rocha*, 216 Cal App. 4th Supp. 1 (Cal. Super. Ct. 2013) (holding that Code of Civil Procedure § 98 declarants must be physically present within 150 miles of the place of trial);  *Resurgence Financial, LLC v. Chambers*, 173 Cal. App. 4th Supp. 1 (Cal. Super. Ct. 2009) (holding that Delaware 3-year statute of limitations applies where credit card agreement contains Delaware choice-of-law provision, and that where consumer is subject to suit in the only forum where she is amenable to suit, Delaware's tolling provision does not apply); *Fontaine v. Superior Court*, 175 Cal. App. 4th 830 (Cal. App. 6th Dist. 2009) (holding that California Code of Civil Procedure § 395(b) provides a statutory exception to the general venue rule, by authorizing venue in the county where a consumer plaintiff resides at the commencement of his or her action arising from a consumer transaction as specified in the statute, regardless of residence of Defendants);  *Bankston v. Phycom*

DECLARATION OF RAEON R. ROULSTON                    Case No. 5:15-CV-01759-LHK-PSG

*Corp.*, 2007 U.S. Dist. LEXIS 89284 (N.D. Cal. Nov. 19, 2007) (holding that a consumer states a claim under 15 U.S.C. § 1692g where the debt collector fails to notify the consumer that her right to a verification of the debt being collected is triggered only if she requests such verification "in writing" from the debt collector); and *Reed v. Global Acceptance Credit Co.*, 2008 U.S. Dist. LEXIS 61738 (N.D. Cal. Aug. 11, 2008) (holding that setoff is contrary to the established policies of FDCPA, therefore, a defendant debt collector's Rule 68 offer of settlement containing a setoff of the underlying debt is not a full offer and accordingly does not terminate a consumer plaintiff's interest in the outcome of the litigation).

10.     My work in connection with this case is shown on the schedule attached as Exhibit "B" to the <u>Declaration of Fred W. Schwinn in Support of Motion for Attorney Fees and Costs</u> filed simultaneously herewith.  I prepared my time records contemporaneously with my performance of the work, using the Amicus Attorney Premium software package for law offices.  The time records do not duplicate work performed in any other file.

## TIME AND HOURLY RATE

11.     For my services as an attorney in this case, Consumer Law Center, Inc., seeks an hourly rate of $400.00.  This is the hourly rate that my firm charges our clients.  This hourly rate is reasonable, and comparable to the rates being charged by attorneys of similar experience and expertise in California's federal and state courts.  Courts in Northern California have awarded me my 2015 rate of $400.00 per hour in a number of cases, including:

| Case Name | Court | Case No. / Date | Judge |
|---|---|---|---|
| *Martell v. Baker*[1] | Northern District of California | 5:14-CV-04723-BLF (June 25, 2015) | Freeman |

[1]  *Martell v. Baker*, 2015 U.S. Dist. LEXIS 83528, at *6 (N.D. Cal. June 25, 2015) ("The Court thus finds that Plaintiff has sufficiently demonstrated that his attorneys' requested hourly rates [of $500 for Fred W. Schwinn and $400 for Raeon R. Roulston] are reasonable based on prevailing market rates for attorneys with similar experience and skill.").

DECLARATION OF RAEON R. ROULSTON          Case No. 5:15-CV-01759-LHK-PSG

| Bentkowsky v. Benchmark | Northern District of California | 5:13-CV-01252-VC (March 24, 2015) | Chhabria |

12. My previous hourly rate was $350.00 per hour. Several courts in Northern California have awarded my previous hourly rate of $350.00 in a number of cases, including:

| Case Name | Court | Case No. / Date | Judge |
|---|---|---|---|
| Skinner v. Mountain Lion Acquisitions, LLC | Northern District of California | 5:13-CV-0074-NC (May 18, 2015) | Cousins |
| Wells Fargo Bank, N.A. v. Hernaez | Santa Clara County | 1-10-CV-176117 (May 5, 2014) | Woodhouse |
| Brown v. Mandarich Law Group, LLP | Northern District of California | 3:13-CV-4703-JSC (April 2, 2014) | Corley |
| DeAmaral v. Goldsmith & Hull | Northern District of California | 3:12-CV-03580-WHO (April 1, 2014) | Orrick |

13. Consumer Law Center, Inc., seeks compensation for 5.70 hours of the total time that I spent performing legal services for Plaintiff in this case.

14. The requested attorney's fees and costs were reasonable and necessary to the litigation in this matter.

Executed at San Jose, California on September 4, 2015.

/s/ Raeon R. Roulston
Raeon R. Roulston, Esq.
Attorney for Plaintiff
SANDY ESTRELA NEVES

DECLARATION OF RAEON R. ROULSTON

Case No. 5:15-CV-01759-LHK-PSG