Kira M. Rubel (CA SBN/ 253970)
**LAW OFFICES OF KIRA M. RUBEL**
555 West Beech Street, Suite 230
San Diego, CA 92101
Tel: (800)-836-6531

David P. Schafer (TX SBN/ 00797865) *Admitted Pro hac vice*
Brian J. Trenz (TX SBN/24067911) *Admitted Pro hac vice*
**LAW OFFICES OF DAVID P. SCHAFER**
2139 N.W. Military HWY, Suite 200
San Antonio, TX 78213
Tel: (210) 348-0500 phone
Fax: (210) 348-0520 fax

*Attorneys for Plaintiff, Desiree Alvarado*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESIREE ALVARADO, on behalf of herself and all others similarly situated,<br><br>　　Plaintiff,<br><br>vs.<br><br>HOVG, LLC, d/b/a BAY AREA CREDIT SERVICE LLC, a Limited Liability Company,<br><br>　　Defendant. | CASE NO. 3:14-CV-02549-HSG<br><br>**DECLARATION OF BRIAN J. TRENZ IN SUPPORT OF PLAINTIFF'S MOTION FOR REIMBURSEMENT OF ATTORNEY'S FEES AND COSTS** |

1. My name is Brian J. Trenz. I am an attorney admitted to the Bar of the State of Texas and have been admitted *pro hac vice* before the Northern District of California. I am

1

admitted to practice or have been admitted to practice in the following jurisdictions: Western District of Texas, Eastern District of Texas, Southern District of California, District of Colorado, and Middle District of Florida. I am an equity partner at the Law Offices of David P. Schafer PLLC, and I am an attorney of record for Plaintiff, Desiree Alvarado. I have worked on this litigation from inception to the present date. I make the following statements based upon my own personal knowledge and, if called to testify regarding any of the statements contained in this Declaration to the Court, I can and would do so competently.

2. I submit this declaration in support of Plaintiff's request for attorneys' fees and costs associated with the Fair Debt Collection Practices Act claim in this matter and the Fed. R. Civ. P. 68 Offer of Judgment permitting the same. During the fifteen-plus month process leading up to this Fee Application, I kept contemporaneous and precise records concerning my billable hours as they relate to this case. As for my time as it relates to the FDCPA claim, I have kept an accurate and detailed log of the time I spent as it related solely to this claim. As of the date of this Declaration, the total "billable hours" I have expended concerning the FDCPA claim in this case a total of 63.3 hours.

3. My firm has spent considerable time and effort with regard to the Alvarado matter. Much of my practice is dedicated to Consumer Litigation in a 200 miles radius across the State of Texas. We generally file and pursue consumer related claims within 20 miles of San Antonio, Texas.

4. My billable hourly rate is $400, for a total personal lodestar of $25,320.00. This hourly rate is the usual and customary hourly rate that I charge for class action representation across the country. The remainder of my business is conducted on a contingency basis or for a flat fee, since I represent consumers who are typically in debt and in need of low cost, or no cost (to them), legal assistance. Moreover, I am familiar with the hourly rate

of consumer law attorneys in Class Action litigation matters which are similar to the present litigation, and my hourly rate is consistent with or less than the hourly rate of other consumer law attorneys with my level of experience.

5. Had I not expended the hours worked on this case, I would have worked those hours on other consumer law cases being handled by my office. In fact, several other Class Action filings were delayed due to the amount of work expended on this case in preparation for the Motion to Certify. The complete compilation of my detailed billable hours is attached as Exhibit A.

6. I have been licensed since 2009 and have been practicing almost exclusively in the area of consumer law since that time. I have represented hundreds of consumers in debt defense and consumer matters under the Fair Debt Collections Practices Act, Telephone Consumer Protection Act, and the Texas Debt Collect Act. I am extremely familiar with this type of litigation and, in fact, it is the main focus of my practice.

7. In my wide-ranging experience in consumer cases, the results we obtained by this settlement are at the higher end of what can be expected for an individual settlement alleging these types of claims. Had we filed this case in State Court, any settlement would have likely been for less. I am extremely pleased with this result for the client.

8. This particular case was quite risky since, from the very beginning, defense counsel informed us that Defendant would have trouble paying for a class settlement or judgment. Thus, our firms undertook significant risk in pushing forward regardless and expending as much time as we did, in prosecution of these claims. Also, as the Defendant's pleadings indicate, the Defendant was not insured for the acts complained of by the Plaintiff.

9. We received no contribution of funds from any outside source to prosecute this case. This case was entirely funded by the Law Offices of David P. Schafer and the Law Offices of Kira M. Rubel.

I declare the foregoing under penalty of perjury and the laws of the United States of America.

Date: November 3, 2015

_____
Brian J. Trenz
Attorney for Plaintiff, Desiree Alvarado
Law Offices of David Schafer

EXHIBIT "A"

**Lodestar** – FDCPA Claim ONLY
Alvarado v. Bay Area, Case No. 14-cv-02549-HSG
Attorney Brian J. Trenz

| Date | Total Hours | FDCPA Portion | Description |
|---|---|---|---|
| 3/10/15 | 2.7 | .7 | Depose Corporate Rep., discussed possible FDPCA claim with KR. |
| 3/11/15 | 2.2 | .3 | KR phone conf. |
| 3/11/15 | .7 | .2 | Prepare discovery strategy |
| 3/12/15 | .7 | .7 | KR phone conference; FDCPA Claims |
| 3/12/15 | .2 | .2 | Discuss with DS FDCPA and amendment process |
| 3/13/15 | .3 | .3 | FDCPA phone conference with KR |
| 3/13/15 | .5 | .5 | Discuss research and litigation options with DS |
| 3/17/15 | .2 | .2 | Confer with DS re: amendments |
| 3/25/15 | .2 | .2 | Confer with DS re: FDCPA claim and elements |
| 3/25/15 | .2 | .2 | Confer with KR regarding class-ability |
| 3/30/15 | 2.5 | .5 | Draft LiveVox and Experian/Lexis subpoenas to identify class member data review previous cases with regard to class related documents |
| 3/30/15 | .4 | .2 | Speak with KR regarding records to locate |
| 3/30/15 | .4 | .1 | Speak with DS regarding previous cases and record retention issues |
| 4/7/15 | .1 | .1 | Confer with DS re: subpoena drafted and scope of discovery |
| 4/9/15 | 2.9 | 2.9 | Phone Conf. w/KR concerning FDCPA CLAIMS |
| 5/1/15 | .5 | .5 | Speak with KR re: FDCPA and meeting with client. |
| 5/2/15 | .1 | .1 | Discuss FDCPA claim progress and research with DS |
| 5/11/15 | 5.5 | 5.5 | Conference call with DS and KR; research FDCPA claims, class-ability, review case law |

**Lodestar** – FDCPA Claim ONLY
Alvarado v. Bay Area, Case No. 14-cv-02549-HSG
Attorney Brian J. Trenz

| Date | | | Description |
|---|---|---|---|
| 5/11/15 | .3 | .3 | Discuss with KR: re: potential amendment to complaint |
| 5/11/15 | .5 | .5 | Discuss with DS/KR: re: KR's amended complaint first draft, case law and potential conference with experts |
| 5/13/15 | 3.6 | 3.1 | Review Amended Complaint, amend facts, allegations and research, review KR email |
| 5/13/15 | .5 | .5 | discuss amendments with DS |
| 5/15/15 | .75 | .4 | Review Final Complaint |
| 5/16/15 | .3 | .3 | Review amended complaint with elements w/DS |
| 5/18/15 | .4 | .4 | Conference with DS and KR, send complaint to oppo counsel. |
| 5/26/15 | .5 | .5 | Conf. With KR |
| 5/27/15 | 1.2 | 1.2 | Conf. KR in re: amendment procedure and approval, email with counsel |
| 5/28/15 | .2 | .2 | Confer with KR: Amendment and Motion to Leave |
| 5/29/15 | .1 | .1 | Correspondence with KR re: final changes/draft |
| 6/1/15 | .1 | .1 | Discuss amendment and expedited hearing process |
| 6/5/15 | .3 | .3 | Discuss Rule 68 Offer with DS and KR |
| 6/16/15 | .2 | .2 | Discuss with KR scope of livevox documents and those needed to prove certification elements/new claims |
| 6/18/15 | 3.8 | 1.7 | Compose draft of reply brief and phone call with KR |
| 7/01/15 | .5 | .5 | Review and discuss Case management statement with DS and discuss strategy moving forward |
| 7/8/15 | .4 | .4 | Discuss CMC and deadline with DS |
| 7/10/15 | .5 | .5 | Confer with KR regarding, Livevox depo topics, |

**Lodestar** – FDCPA Claim ONLY
Alvarado v. Bay Area, Case No. 14-cv-02549-HSG
Attorney Brian J. Trenz

|  |  |  |  |
|---|---|---|---|
|  |  |  | discovery issues and cert. Info still needed |
| 7/10/15 | .2 | .2 | Confer with DS regarding Livevox depo issues and topics, discovery issues and cert. Info needed |
| 7/14/15 | .2 | .2 | Confer with KR re: Livevox evidentiary issues, depo subpoena and joint discovery letter |
| 7/14/15 | .4 | .4 | Confer with DS re: Livevox evidentiary issues, depo subpoena and joint |
| 7/21/15 | .3 | .3 | Conference with KR |
| 7/22/15 | .5 | .5 | Conf. KR - Scope, Objections, time limitations, and problems with subpoenas to Lexis and Experian |
| 7/24/15 | .4 | .4 | Conf. KR case progress |
| 7/27/15 | .1 | .1 | Talk to KR about Livevox counsels reponses to oral requests |
| 7/29/15 | .1 | .1 | Correspondence with KR and Mediator |
| 7/30/15 | .1 | .1 | Conf. KR |
| 7/31/15 | .1 | .1 | Conf. KR |
| 8/3/15 | .1 | .1 | Conf. KR |
| 8/4/15 | .1 | .1 | Conf. KR |
| 8/5/15 | 6.0 | 6.0 | Travel to San Francisco and prepare for hearing on motion for leave |
| 8/12/15 | .3 | .3 | Confer with KR FDCPA discovery issues |
| 8/13/15 | .2 | .1 | Conf. With KR discovery issues |
| 8/18/15 | .2 | .2 | Review email correspondence |
| 8/19/15 | .4 | .4 | Review Gilliam Order, speak with KR. |
| 8/19/15 | .2 | .2 | Conf. With Kira re: court Order, timelines , discovery needed, mediation and cert deadline |
| 8/19/15 | .3 | .3 | Conf. With DS re: court Order, timelines , discovery needed, mediation and cert |

**Lodestar** – FDCPA Claim ONLY
Alvarado v. Bay Area, Case No. 14-cv-02549-HSG
Attorney Brian J. Trenz

|  |  |  |  |
|---|---|---|---|
|  |  |  | deadline |
| 8/20/15 | 6.2 | 6.2 | Research FDCPA class cases per Gilliam's order, draft cert outline(j.d.) on FDCPA |
| 8/20/15 | .3 | .3 | speak with KR concerning mediation and cert. issues |
| 8/21/15 | .4 | .4 | Review joint discovery letter, revise and forward to KR |
| 8/21/15 | .2 | .2 | Discuss with DS mediation strategy, goals and possible settlement outcomes |
| 8/24/15 | .1 | .1 | Review email correspondence |
| 8/25/15 | .2 | .2 | Review Amended Complaint with DS |
| 8/27/15 | .3 | .1 | Review changes to letter. |
| 8/28/15 | .4 | .2 | Confer with KR re: chamber rule and Defendant's actions |
| 8/30/15 | .2 | .2 | Review amended complaint |
| 8/31/15 | 8.2 | 8.2 | Draft FDCPA class and individual discovery |
| 8/31/15 | .7 | .3 | Review rule 68, speak with KR |
| 9/1/15 | .2 | .2 | Review Updated joint discovery letter, speak with KR and DS re: joint discovery letter, expert testimony required, scope of production required and proposed order. |
| 9/1/15 | .2 | .2 | Speak with KR re: joint discovery letter, expert testimony required, scope of production required and proposed order. |
| 9/1/15 | .3 | .3 | Speak with DS re: joint discovery letter, expert testimony required, scope of production required. |
| 9/8/15 | .2 | .1 | Conf. W KR regarding stipulation, mediation date, and meet and confer result; |
| 9/8/15 | .5 | .2 | Discuss with DS mediation and settlement offers |
| 9/9/15 | 3.7 | 2.2 | Begin drafting Class Cert |

**Lodestar** – FDCPA Claim ONLY
Alvarado v. Bay Area, Case No. 14-cv-02549-HSG
Attorney Brian J. Trenz

|  |  |  | Motion, and begin composing FDCPA section. |
|---|---|---|---|
| 9/9/15 | .3 | .3 | Speak with DS re: class cert issues, standard |
| 9/9/15 | .5 | .5 | Speak with KR re: class cert issues, standard |
| 9/10/15 | .2 | .2 | Review Correspondence with oppo counsel re Rule 68 |
| 9/14/15 | .5 | .5 | Speak with KR re Rule 68 and acceptance issues, discuss certification issues and FDCPA commonality and numerosity issues |
| 9/14/15 | .4 | .4 | Speak with DS re Rule 68 and acceptance issues, discuss certification issues and FDCPA commonality and numerosity issues |
| 9/14/15 | 1.2 | .6 | Email with opposing counsel Rule 68 offer and requested extensions |
| 9/16/15 | 3.5 | 1.6 | Discuss amendment of Rule 68 and settlement with opposing counsel, and Prepare for witness depositions |
| 9/16/15 | .5 | .5 | Speak with DS concerning settlement |
| 9/16/15 | .2 | .2 | Speak with Client |
| 9/17/15 | 1.3 | .9 | Review, research, discuss amended Rule 68 offer, included fees, fees motions and accept said offer |
| 9/17/15 | .2 | .2 | Discuss with DS Rule 68 acceptance and options |
| 9/17/15 | .1 | .1 | Speak with Client |
| 10/16/15 | 2.3 | 2.3 | Draft, review finalize Trenz Dec. and Draft Template Schafer dec for fee application. |
| 10/20/15 | .8 | .8 | Finalize and Review Schafer Dec. for fee application |
| **TOTAL** |  | **63.4** |  |
| **TOTAL @ $400/hour** |  | **$ 25,360.00** |  |