Charles R. Messer (SBN 101094)
messerc@cmtlaw.com
David J. Kaminski (SBN 128509)
kaminskid@cmtlaw.com
Martin Schannong (SBN 243297)
schannongm@cmtlaw.com
CARLSON & MESSER LLP
5959 W. Century Boulevard, Suite 1214
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

Attorneys for Defendant
HOVG, LLC dba BAY AREA CREDIT SERVICE

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESIREE ALVARADO, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HOVG, LLC dba BAY AREA CREDIT SERVICE, a limited liability company,<br><br>Defendant. | CASE NO. 3:14-CV-02549-HSG<br><br>**OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**<br><br>Date: December 17, 2015<br>Time: 2:00 p.m.<br>Courtroom: 15<br>Judge: Hon. Haywood S. Gilliam Jr. |

Defendant HOVG, LLC dba BAY AREA CREDIT SERVICE ("Defendant") hereby opposes the motion for attorney's fees filed by Plaintiff DESIREE ALVARADO ("Plaintiff") as set forth below.

/ / /

/ / /

/ / /

# TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................1

II.   RELEVANT PROCEDURAL HISTORY ......................................................1

III.  PLAINTIFF'S COUNSEL IS ONLY ENTITLED TO REASONABLE FEES ON THE FDCPA CLAIM, NOT EXCESSIVE FEES .........................2

IV.  PLAINTIFF'S COUNSEL'S CLAIMED FEES ARE UNREASONABLE ...................................................................................3

    A.    The Total Claimed Attorney Time is Grossly Excessive......................3

    B.    A Substantial Across-the-Board Reduction is Warranted....................5

    C.    Plaintiff's Attorneys' Discussions and Conferences with Each Other (39.8 Hours) Were Excessive and Unnecessary ...............7

    D.    Compensation for Legal Research Regarding the FDCPA Claim (15.1 Hours) is Not Justified ......................................................8

    E.    To Spend 15.3 Hours Drafting and/or Reviewing the Second Amended Complaint Was Unreasonable .............................................9

    F.    The Time Spent Researching/Drafting/Discussing Plaintiff's Motion for Leave to Amend (27.8 Hours) Should Be Excluded ..........9

    G.    The Travel to the Vacated Hearing on the Motion for Leave to Amend is Not Compensable.........................................................11

    H.    Time Spent on Discovery Matters Unrelated to the FDCPA Claim (12.0 Hours) Should Be Excluded............................................11

I.     The Time Spent by Counsel to Draft Other and Separate Written Discovery Regarding the FDCPA Claim is Excessive ...................... 12

J.     The LiveVox Deposition (21.7 Hours) Was Not Related to the FDCPA Claim ................................................................................. 12

K.     The Time Spent on the Unfiled Motion for Class Certification (27.2 Hours) Should Be Reduced .............................................................. 13

L.     The Time Spent on the Fee Motion (24.5 Hours) is Excessive .......... 14

M.     No Compensation for "Block-Billed" Time Entries Should Be Awarded ........................................................................................... 14

V.     CONCLUSION ............................................................................................ 15

# TABLE OF AUTHORITIES

**Case Law**

*Brown v. Mandarich Law Group, LLP*
2014 WL 1340211 (N.D. Cal. Apr. 2, 2014) ................................................. 7, 8, 9, 14

*Chalmers v. City of Los Angeles*
796 F.2d 1205 (9th Cir. 1986) ............................................................................ 5

*Fralick v. Plumbers & Pipefitters National Pension Fund*
2011 WL 487754 (N.D. Tex. 2011) .................................................................. 14

*Guerrero v. Cummings*
70 F.3d 1111 (9th Cir. 1995) .............................................................................. 3

*Hensley v. Eckerhart*
461 U.S. 424 (1983) ..................................................................................... 5, 15

*Jones v. Federated Department Stores, Inc.*
527 F.Supp.912 (S.D. Ohio 1981) ...................................................................... 3

*Kinh Tong v. Capital Management Services Group*
2008 WL 171035 (N.D. Cal. Jan. 18, 2008) ............................................... 6, 7, 8

*Kirsch v. Fleet St. Ltd.*
148 F.3d 149 (2d Cir. 1998) ............................................................................... 5

*Luciano v. Olsten Corp.*
109 F.3d 111 (2d Cir. 1997) ............................................................................... 5

*Mares v. Credit Bureau of Raton*
801 F.2d 1197 (10th Cir.1986) .......................................................................... 7

*Orchano v. Advanced Recovery Inc.*
107 F.3d 94 (2d Cir.1997) .................................................................................. 6

*Rivera v. Portfolio Recovery Associates, LLC*
2013 WL 5311525 (N.D. Cal. Sept. 23, 2013) ................................................... 6

*Savino v. Computer Credit*
71 F. Supp. 2d 173 (E.D.N.Y. 1999) ....................................................... 5, 6, 7, 8, 9

*Sealy, Inc. v. Easy Living, Inc.*
743 F.2d 1378 (9th Cir.1984) ..................................................................... 4, 5, 8

*Van Gerwen v. Guarantee Mutual Life Co.*
214 F.3d 1041 (9th Cir. 2000) ............................................................................ 5

# I.
# INTRODUCTION

Defendant does not dispute that Plaintiff's counsel is entitled to a reasonable attorney fee incurred by Plaintiff in connection with her claim against Defendant under the Fair Debt Collection Practices Act ("FDCPA"), pursuant to the accepted Rule 68 offer.

However, the amount requested by Plaintiff's counsel ($50,000.00 for fees and $3,580.46 for costs) is not reasonable for pursuing this very simple and straightforward FDCPA claim that was not added as a claim until August 31, 2015.

Virtually all of the fees claimed by Plaintiff's counsel relate to Plaintiff's other and primary claim for alleged violation of the Telephone Consumer Protection Act ("TCPA").

The fees claimed for the FDCPA claim added August 31, 2015 are grossly excessive. Consequently, Defendant respectfully requests that this Court reduce them to a reasonable amount, which should be in the four figures.

# II.
# RELEVANT PROCEDURAL HISTORY

Plaintiff filed this lawsuit on June 3, 2014. The original Complaint contained two causes of action, for negligent and knowing/willful violations of the TCPA respectively. No FDCPA claim was alleged by Plaintiff in the original Complaint. (ECF No. 1.)

On February 17, 2015, Plaintiff filed a First Amended Complaint. No FDCPA claim was alleged in the First Amended Complaint either. (ECF No. 42.)

On March 10, 2015, the deposition of Defendant's Rule 30(b)(6) representative, Kelly Wilson, was taken by Plaintiff's counsel.

On March 11, 2015, Plaintiff's deposition was taken by Defendant.

On April 23, 2015, Plaintiff's counsel affirmed in a Joint Case Management Statement that Plaintiff did not intend to seek any amendments. (ECF No. 46.)

On May 29, 2015, Plaintiff filed a motion for leave to file a Second Amended Complaint, which sought to add a new defendant (AT&T) and a claim for violation of the FDCPA. (ECF No. 49.)

On August 19, 2015, the Court granted Plaintiff's motion for leave to amend as it related to the FDCPA claim. (ECF No. 76.)

On August 31, 2015, Plaintiff filed a Second Amended Complaint, which contained a new cause of action against Defendant for alleged violation of the FDCPA. (ECF No. 77.)

On September 14, 2015, Defendant filed an Answer to Plaintiff's Second Amended Complaint. (ECF No. 83.)

On September 17, 2015, Defendant served an Offer of Judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure on Plaintiff. The Offer of Judgment provided that Plaintiff would receive $43,000.00 for alleged damages under the TCPA and FDCPA, reasonable costs, and that "[r]easonable attorney fees incurred by Plaintiff in connection with her claims against Defendant under the Fair Debt Collection Practices Act are to be added to the judgment." (ECF No. 86-1, ¶ 3.)

Plaintiff accepted the Rule 68 offer on the same day it was served, i.e. September 17, 2015, via an e-mail from her counsel.

On September 30, 2015, Plaintiff filed a formal notice of acceptance of the Rule 68 offer with the Court. (ECF No. 86.)

### III.
### PLAINTIFF'S COUNSEL IS ONLY ENTITLED TO REASONABLE FEES ON THE FDCPA CLAIM, NOT EXCESSIVE FEES

The parties agreed that Plaintiff would be entitled to reasonable fees incurred only as to the FDCPA claim. (Rule 68 offer ¶ 3, ECF No. 86-1.)

The "usual rules of contract construction" apply to interpreting the terms of a Rule 68 settlement offer, including terms regarding the compensation of

attorney's fees. (*Guerrero v. Cummings*, 70 F.3d 1111, 1113 (9th Cir. 1995).)

Accordingly, when the parties have agreed in a settlement under Rule 68 that the plaintiff's compensation for attorney's fees shall be limited, "[n]either party can later back out of this arrangement. Plaintiff must be held to the settlement she made, and courts have uniformly held that settlement agreements under Rule 68 can expressly exclude the awarding of" certain fees. (*Jones v. Federated Department Stores, Inc.*, 527 F.Supp.912, 921 (S.D. Ohio 1981).)

Here, Plaintiff's attorneys contend that they exercised "substantial billing discretion" in determining how much time they allegedly spent on the FDCPA claim. (Motion at 7:3.) They claim that they spent a combined 204.2 hours (!) in prosecution of this inconsequential FDCPA claim, ***which was an active and pending claim for only 17 days***. This is grossly excessive and unconscionable.

## IV.

## PLAINTIFF'S COUNSEL'S CLAIMED FEES ARE UNREASONABLE

### A. The Total Claimed Attorney Time is Grossly Excessive

The FDCPA claim was a very simple claim. Plaintiff alleged that she supposedly told Defendant to stop calling her, that she was not responsible for the debt and that she had an attorney, and that Defendant nevertheless continued to call her. (Second Amended Complaint ¶¶ 23-24.)

FDCPA claims do not get any more routine than this. Furthermore, the FDCPA claim was resolved extremely early -- a mere 17 days after the Second Amended Complaint was filed. No discovery and hardly any litigation were conducted as to the FDCPA claim. Yet, Plaintiff's attorneys now seek compensation for more than 200 hours of time.

Plaintiff's attorneys claim that they "exercised substantial billing judgment and discretion" and that they cut their time in half for many entries. (Motion at 6:23-7:4.) They claim that they spent 128.5 hours (attorney Rubel, ECF No. 88-4), 63.4 hours (attorney Trenz, ECF No. 88-5) and 12.3 hours (attorney Schafer, ECF

No. 88-3) on the "FDCPA Portion" of this case, for a total of 204.2 hours. But tellingly, there is no showing that it was "reasonably necessary" for Plaintiff to allegedly spend 204.2 hours on the routine FDCPA claim, as is required by the law. (*Sealy, Inc. v. Easy Living, Inc.*, 743 F.2d 1378, 1385 (9th Cir.1984).)

Conveniently, Plaintiff's attorneys' billing records do not reflect the total number of hours allegedly spent on this case. Only a total number of hours allegedly spent on the "FDCPA Portion" is provided. However, when all of the time entries are added together, the billing records reflect the following:

| Attorney | Total Hours | FDCPA Portion | Percentage |
|---|---|---|---|
| Rubel | 160.9 | 128.5 | 80% |
| Trenz | 78.25 | 63.4 | 81% |
| Schafer | 16.8 | 12.3 | 73% |

Accordingly, despite Plaintiff's attorneys' claim that they have "exercised substantial billing judgment and discretion" and "cut their time in half" or more for many entries, they now claim that a substantial majority of their fees (80%, 81% and 72% respectively) were related to the FDCPA claim, when that claim was alive for 17 days, and the TCPA class action claim was the entire thrust of this case from inception to end.

This is unreasonable. The TCPA claim was always Plaintiff's primary claim, and all litigation activity pertained to this claim. The FDCPA claim was a secondary claim that was added extremely late in the litigation, and it is a simple and routine claim that could not possibly require a work-up of more than 20 hours of attorney time by any stretch of the imagination. That it would comprise 80% of the time spent is incredulous and unreasonable.

///

///

{00040214;1}                                    4

OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES
CASE NO. 3:14-CV-02549-HSG

## B. A Substantial Across-the-Board Reduction is Warranted

A claim for attorney's fees may be reduced by the Court if the time expended was excessive, duplicative, redundant or otherwise unnecessary. (*Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986); *Van Gerwen v. Guarantee Mutual Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).)

The District Court should not uncritically accept a party's representation of attorneys' fees. It is not sufficient for an attorney claiming fees to submit "voluminous records" to show that a large number of hours have actually been spent; a showing that the time actually spent was ***reasonably necessary*** is also required. (*Sealy, Inc. v. Easy Living, Inc.*, 743 F.2d 1378, 1385 (9th Cir.1984).)

As held by the Supreme Court, the District Court should exclude from the fee calculation hours that were not "reasonably expended" due to reasons such as overstaffing and the skill and experience of the lawyers. (*Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).) Rather than weighing the reasonableness of each individual time entry, the Court may exclude excessive and unreasonable hours from a fee request by making an across-the-board reduction in the amount of hours. (*Kirsch v. Fleet St. Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998); *Luciano v. Olsten Corp.*, 109 F.3d 111, 117 (2d Cir. 1997).) In simple FDCPA cases which involve a single unremarkable legal issue and which require minimal factual development, the plaintiff's fee request can be substantially reduced. (See e.g. *Savino v. Computer Credit*, 71 F. Supp. 2d 173 (E.D.N.Y. 1999).)

Here, Plaintiff's counsel's statements of fees indicate that no less than three attorneys spent 204.2 hours on the simple FDCPA claim, which only involved an allegation that Defendant continued to call Plaintiff after she supposedly made it known that she did not wish to receive further calls. That is the most basic FDCPA claim in the FDCPA lexicon. The demanded fees are grossly excessive in light of the simple nature of the FDCPA claim, the fact that it settled very quickly by way of a Rule 68 offer, and Plaintiff's attorneys' substantial experience handling

FDCPA matters. (Schafer Decl. ¶ 8, ECF No. 88-3; Trenz Decl. ¶ 6, ECF No. 88-5; Rubel Decl. ¶¶ 5-6, ECF No. 88-4.)

Very little time was needed for Plaintiff's counsel to learn the relevant facts and prosecute the FDCPA claim. The entire claim is based on statements Plaintiff herself allegedly made to Defendant, for which no investigation other than a brief conversation between Plaintiff and her counsel would have been required. It was not necessary to have three separate attorneys spend more than 200 hours on this claim. The issue involved was not complex, and Plaintiff's attorneys are highly experienced in FDCPA cases. Consequently, an across-the board reduction is warranted.

In similar FDCPA cases, Courts have held that fee requests such as Plaintiff's attorneys in the instant case are "totally unreasonable." (*Savino*, *supra*, at 175.) In *Savino*, the Court reduced a 187-hour fee demand to 20 hours. (*Id.* at 176.) Similarly, in *Kinh Tong v. Capital Management Services Group*, 2008 WL 171035 (N.D. Cal. Jan. 18, 2008), the plaintiff alleged that "defendant continued to communicate directly with Plaintiff regarding the collection of the debt owed to Chase Bank USA, N.A., after it knew that plaintiff was represented by an attorney with respect to the debt." In other words, *Kinh Tong* involved facts almost identical to those alleged in the instant case. After *Kinh Tong* settled, plaintiff's counsel demanded compensation for 65.5 hours of time. The Court held that the 65.5-hour demand was unreasonable, and reduced it to 18 hours. (*Id.* at *2.)

The Court should apply a substantial across-the-board reduction to Plaintiff's attorneys' claimed 204.2 hours because the work performed was duplicative, unnecessary, and did not substantially advance Plaintiff's case. (See also *Rivera v. Portfolio Recovery Associates, LLC*, 2013 WL 5311525 at *8 (N.D. Cal. Sept. 23, 2013).)

The amount of hours sought by Plaintiff have been deemed excessive even in FDCPA cases that have proceeded all the way through trial. (See e.g. *Orchano*

*v. Advanced Recovery Inc.*, 107 F.3d 94 (2d Cir.1997) (finding award of only 181 hours appropriate for FDCPA case where plaintiff was forced to brief and argue three motions to dismiss, select a jury, and conduct two-day jury trial) and *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1202 (10th Cir.1986) (affirming a district court's finding that the FDCPA claim that was "vigorously" litigated and culminated in a short trial could have been accomplished in 50 hours of attorney time).) Contrast the 181 hours for a case that proceeded to trial with the 204.2 hours claimed by Plaintiff's counsel for this claim that was active for 17 days.

Here, Plaintiff's counsel unreasonably seeks compensation for 204.2 hours for a claim that was pending for a mere 17 days. The total reasonable fee award for FDCPA claims of this type is generally in the lower four figures. (See e.g. *Brown v. Mandarich Law Group, LLP*, 2014 WL 1340211 at *6 (N.D. Cal. Apr. 2, 2014); *Kinh Tong*, *supra*, at *2; *Savino*, *supra*, at 177.) This Court should render a similar fee award in the instant case.

### C. <u>Plaintiff's Attorneys' Discussions and Conferences with Each Other (39.8 Hours) Were Excessive and Unnecessary</u>

The FDCPA claim at issue did not require the combined efforts of three attorneys with significant FDCPA experience. (Schafer Decl. ¶ 8, ECF No. 88-3; Trenz Decl. ¶ 6, ECF No. 88-5; Rubel Decl. ¶¶ 5-6, ECF No. 88-4.)

Plaintiff's billing records indicate that her three attorneys spent 39.8 hours simply discussing the FDCPA claim with each other. (Attorney Schafer billed 8.9 hours for conferences with his co-counsel (12/19/14, 1/28/15, 2/11/15, 3/7/15, 3/12/15, 3/13/15, 3/17/15, 3/25/15, 4/7/15, 5/2/15, 5/11/15, 5/13/15, 5/16/15, 5/18/15, 6/5/15, 7/1/15, 7/8/15, 7/10/15, 8/19/15, 8/21/15, 8/25/15, 9/8/15, 9/9/15, 9/14/15, 9/16/15, 9/17/15, ECF No. 88-3); attorney Rubel billed 10.4 hours for such tasks (3/10/15, 3/11/15, 3/12/15, 3/13/15, 3/25/15, 4/9/15, 5/1/15, 5/11/15, 5/13/15, 5/15/15, 5/26/15, 5/27/15, 5/28/15, 6/1/15, 6/5/15, 7/24/15, 8/19/15, 8/28/15, 9/8/15, 9/9/15, 9/14/15, ECF No. 88-4, and attorney Trenz billed 20.5

hours (3/10/15, 3/11/15, 3/12/15, 3/13/15, 3/17/15, 3/25/15, 3/30/15, 4/9/15, 5/1/15, 5/2/15, 5/11/15, 5/13/15, 5/18/15, 5/26/15, 6/5/15, 7/1/15, 7/8/15, 7/21/15, 7/22/15, 7/24/15, 7/29/15, 7/30/15, 7/31/15, 8/3/15, 8/4/15, 8/19/15, 8/21/15, 8/28/15, 8/31/15, 9/8/15, 9/9/15, 9/14/15, 9/16/15, 9/17/15, ECF No. 88-5.)

Plaintiff's three attorneys have failed to show that it was "reasonably necessary" for them to discuss the FDCPA claim for nearly 40 hours. (*Sealy, Inc. v. Easy Living, Inc.*, 743 F.2d 1378, 1385 (9th Cir. 1984).) A reasonable attorney with Plaintiff's attorneys' expertise would not need to discuss the FDCPA claim with anybody, let alone spend 39.8 hours on internal conferences regarding the prosecution and settlement of the FDCPA claim. This time should be excluded from the lodestar calculation in its entirety.

The time sought by Plaintiff's counsel for internal conferences/discussions alone (39.8 hours) far exceeds the total time deemed reasonable for the time spent on the entire case in similar matters. (See e.g. *Brown*, *supra*, at *6 (18.5 hours); *Kinh Tong*, *supra*, at *2 (18.0 hours); *Savino*, *supra*, at 177 (20.0 hours).)

### D. Compensation for Legal Research Regarding the FDCPA Claim (15.1 Hours) is Not Justified

Plaintiff's billing records indicate that attorney Rubel spent 6.5 hours on legal research of the FDCPA claim (3/13/15, 5/11/15, 5/13/15, see ECF No. 88-4), and that attorney Trenz spent up to 8.6 hours for legal research as well (5/11/15, 5/13/15, see ECF No. 88-5), for a total of 15.1 hours. In light of Plaintiff's attorneys' self-proclaimed significant expertise in representing FDCPA plaintiffs in both individual and class actions (Schafer Decl. ¶ 8, ECF No. 88-3; Trenz Decl. ¶ 6, ECF No. 88-5; Rubel Decl. ¶¶ 5-6, ECF No. 88-4), it is baffling that attorneys with their knowledge and experience needed more than 1 hour to conduct research regarding the most simple and straightforward FDCPA claim imaginable, before drafting the Second Amended Complaint, which raised no novel or unusual issues.

This claimed attorney time is obviously excessive and should not be

considered in the lodestar calculation. (*Savino v. Computer Credit, Inc.*, 71 F.Supp.2d 173, 175 (E.D.N.Y. 1999).)

### E. To Spend 15.3 Hours Drafting and/or Reviewing the Second Amended Complaint Was Unreasonable

Attorney Rubel spent 10.4 hours drafting the Second Amended Complaint (5/13/15, 5/15/15, 5/18/15, 8/30/15, 8/31/15,ECF No. 88-4), attorney Trenz spent 4.2 hours reviewing the Second Amended Complaint (8/13/15, 5/15/15, 5/16/15, 8/25/15, 8/30/15, ECF No. 88-5) and attorney Schafer spent 0.7 hours (5/13/15, ECF No. 88-3), for a total of 15.3 hours.

In an FDCPA case, a reasonable fee for preparing an original complaint has been held to be approximately 2 hours. (*Brown v. Mandarich Law Group, LLP*, 2014 WL 1340211 at *4 (N.D. Cal. Apr. 2, 2014).) Here, Plaintiff's counsel claims it took 15.3 hours, and the complaint at issue was not an original complaint, but a Second Amended Complaint, of which only a few paragraphs were dedicated to the FDCPA claim. Plaintiff's counsel's claimed fees related to the drafting and review of the Second Amended Complaint are wholly unreasonable.

### F. The Time Spent Researching/Drafting/Discussing Plaintiff's Motion for Leave to Amend (27.8 Hours) Should Be Excluded

The motion for leave to amend sought to add a new defendant (AT&T) and a new claim for alleged violation of the FDCPA. Thus, at the most, only 50% of the time spent on the motion could possibly be legitimate, but Plaintiff's attorneys seek compensation for nearly all of their time, which also is inappropriate. Also, the Court denied the addition of AT&T as a defendant. Attorney Rubel claims to have spent 24.5 hours related to the motion (5/28/15, 5/29/15, 6/1/15, 6/10/15, 6/12/156/18/15, 6/19/15, ECF No. 88-4) and attorney Trenz spent 3.3 hours (5/27/15, 5/28/15, 5/29/15, 6/1/15, 6/18/15, ECF No. 88-5), for a total of 27.8 claimed hours.

In *Savino*, the Plaintiff's attorney sought compensation for 25 hours of time

spent on moving to amend the complaint. The Court allowed none of this time, and held that the sheer amount of time spent on research and preparation of the motion was excessive "given that the standards for granting leave to amend and among the most well-known, settled, and lenient rules in the law." (*Savino*, *supra*, at 176.) The *Savino* Court also placed **substantial weight** on the fact that Plaintiff knew of the facts giving rise to the claim much earlier. Similarly, here, Plaintiff conceded she knew about the alleged facts upon which the purported FDCPA claim was based since January 2014, when she allegedly made the statements at issue. (See ECF No. 58, at 5:17-6:13.) While this Court previously held that "[p]eople often do not to recall every statement made during phone conversations, especially after several months" (ECF No. 76, at 2:21-22), it would be unreasonable to force Defendant to foot the bill for Plaintiff's purported forgetfulness (of which there is no evidence - Plaintiff had no memory problems regarding these particular issues in her March 11, 2015 deposition) which resulted in 27.8 hours of totally unnecessary legal work. (*Savino v. Computer Credit*, 71 F. Supp. 2d 173, 176 (E.D.N.Y. 1999).)

Furthermore, as discussed above, the FDCPA claim was not the only amendment sought by Plaintiff by way of her motion for leave to amend. Another amendment was to add AT&T as an additional defendant. (ECF No. 49.) This amendment was at least as significant as the FDCPA amendment, but only minimal reductions of Plaintiff's counsel's time appear to have been made to account for this, if any at all. (See ECF Nos. 88-3 and 88-5.) Again, to foist time unrelated to Defendant is inappropriate and unconscionable.

Plaintiff's attorneys are only entitled to reasonable fees incurred on the FDCPA claim against Defendant. (Rule 68 offer ¶ 3, ECF No. 86-1.) They are not entitled to fees spent attempting to pursue a third party (AT&T) for alleged TCPA violations.

/ / /

### G. The Travel to the Vacated Hearing on the Motion for Leave to Amend is Not Compensable

The Court vacated the hearing on Plaintiff's motion for leave to amend and ruled on the papers. (ECF No. 74.) Thus, Plaintiff's counsel's request for compensation for the alleged travel time (6.0 hours) to the hearing is clearly unreasonable. (8/5/15, ECF No. 88-5.) Furthermore, counsel is based in San Antonio, Texas, and was apparently *en route* to San Francisco when the Court vacated the hearing. (Rubel Decl. ¶ 18; ECF No. 88-4.) Be that as it may, it was Plaintiff who chose this forum and retained out-of-state counsel to represent her. It is unreasonable to demand compensation for 6.0 hours of travel time from Texas to California under these circumstances, not only because the hearing was vacated, but also because Defendant had nothing to do with Plaintiff's decision to hire Texas attorneys for a California lawsuit. Furthermore, one of Plaintiff's three attorneys is located in California (attorney Rubel) and thus there was no reason to have another attorney fly to California from Texas.

### H. Time Spent on Discovery Matters Unrelated to the FDCPA Claim (12.0 Hours) Should Be Excluded

Plaintiff served an initial round of discovery on Defendant on or about October 6, 2014. (See ECF No. 79.) At that time, no FDCPA claim was pending, and the discovery was solely related to Plaintiff's primary, and at the time only, claim for violation of the TCPA. Plaintiff served a second set of discovery on or about April 3, 2015, and again, this discovery was solely related to the TCPA claim. (See ECF No. 79.) The parties met-and-conferred, and prepared a Joint Discovery letter, which was filed on September 1, 2015. (ECF No. 79.) None of the work regarding this discovery was related to the FDCPA claim. Yet, attorney Rubel seeks compensation for 9.3 hours related to this discovery (3/17/15, 6/15/15, 6/16/15, 7/6/15, 7/14/15, 7/17/15, 7/21/15, 7/25/15, 8/7/15, 8/11/15, 8/12/15, 8/13/15, 8/21/15, 8/27/15, 9/1/15, ECF No. 88-4), attorney Trenz seeks

compensation for 2.4 hours (7/10/15, 7/14/15, 8/12/15, 8/13/15, 8/19/15, 8/21/15, 9/1/15, ECF No. 88-5) and attorney Schafer seeks 0.3 hours (9/1/15, ECF No. 88-3), for a total of 12.0 claimed hours. This time is not compensable, as it related solely to the TCPA claim and not the FDCPA claim. (Rule 68 offer ¶ 3, ECF No. 86-1.)

### I. The time Spent by Counsel to Draft Other and Separate Written Discovery Regarding the FDCPA Claim is Excessive

Separate and distinct from the discovery discussed above, Plaintiff's counsel seeks compensation for an additional 8.2 hours to "Draft FDCPA class and individual discovery" on August 31, 2015. (ECF No. 88-5.) First, this billing entry demonstrates that the separate discovery discussed in Section IV(H) above related solely to the TCPA claim, as there would not have been a need for Plaintiff's counsel to "draft FDCPA class and individual discovery" otherwise. Furthermore, Defendant has no record of ever receiving any discovery that was drafted on or about August 31, 2015. Thus, this time (8.2 hours) should be excluded or substantially reduced.

### J. The LiveVox Deposition Was Not Related to the FDCPA Claim

LiveVox is a company that provides dialing equipment. The records Plaintiff subpoenaed from LiveVox and the deposition of the LiveVox representative were solely related to Plaintiff's TCPA claim, and the primary issue in the deposition was whether LiveVox's equipment could potentially be considered an "automatic telephone dialing system" under 47 U.S.C. § 227(a)(1) of the TCPA.

Plaintiff's motion for attorney's fees fails to demonstrate that any discovery related to LiveVox was "reasonably necessary" to prosecute the FDCPA claim, because it was *not*. The LiveVox discovery was solely related to the TCPA claim, and had nothing to do with the FDCPA claim.

///

1       However, attorney Rubel somehow manages to seek compensation for 18.4
hours allegedly related to LiveVox (3/30/15, 3/31/15, 4/18/15, 6/8/15, 6/15/15,
6/16/15, 6/23/15, 6/29/15, 6/30/15, 7/7/15, 7/8/15, 7/10/15, 7/11/15, 7/14/15,
7/27/15, 8/4/15, 8/5/15, 8/18/15, ECF No. 88-4), attorney Trenz spent 2.7 hours
(3/30/15, 4/7/15, 6/16/15, 7/10/15, 7/14/15, 7/22/15, 7/24/15, ECF No. 88-5) and
attorney Schafer spent 0.6 hours (3/30/15, 7/14/15, ECF No. 88-3), for a total of
21.7 claimed hours. None of this time should be included in the lodestar
calculation. The LiveVox subpoenas and deposition were completely unrelated to
the FDCPA claim.

### K. The Time Spent on the Motion for Class Certification (27.2 Hours) Should Be Reduced

      Although no Motion for Class Certification was ever filed in this matter, attorney rubel seeks compensation for 18.8 hours for allegedly drafting it (9/15/15, 9/16/15, 9/17/15, ECF No. 88-4) and attorney Trenz allegedly spent 8.4 hours (8/20/15, 9/9/15, ECF No. 88-5), for a total of 27.2 hours. Defendant never saw this alleged motion and it was never filed.

      Some of the time allegedly spent on the motion was incurred shortly before, and on the same day, the case settled (September 17, 2015). Defendant contends that it was unreasonable to spend 27.2 hours on the motion when it was not yet due for several weeks, and the parties were close to a settlement. In addition, the primary claim in this case was always the TCPA claim, but Plaintiff's counsel has not made any reductions in this regard of the time allegedly spent on the phantom class certification motion. The 27.2-hour demand should be reduced to a reasonable number of hours, and then reduced by an additional 50% to account for the TCPA claim, for which Plaintiff's counsel is not entitled to any fees. (Rule 68 offer ¶ 3, ECF No. 86-1.)

      Further, the FDCPA claim was untenable as a matter of law as a class claim from inception because individual inquiries would prevent class certification. No

FDCPA case to Defendant's knowledge has ever been certified on the claim raised by Plaintiff.

**L.  The Time Spent on the Fee Motion (24.5 Hours) is Excessive**

Attorney Rubel spent 20.6 hours related to the instant fee motion (10/13/15, 10/14/15, 10/16/15, 10/18/15, 10/19/15, 10/20/15, 10/30/15, 11/2/15, ECF No. 88-4), attorney Trenz spent 3.1 hours (10/16/15, 10/20/15, ECF No. 88-5) and attorney Schafer spent 0.8 hours (10/19/15, 10/20/15, ECF No. 88-3), for a total of 24.5 claimed hours.  This is grossly excessive.

In *Brown v. Mandarich Law Group, LLP*, 2014 WL 1340211 (N.D. Cal. Apr. 2, 2014), the Court held that 4 hours for preparing a similar fee motion was excessive, and reduced the time to 2.5 hours. (*Id.* at *5.)  Plaintiff's attorneys' claim of 24.5 hours is completely unreasonable.

**M.  No Compensation for "Block-Billed" Time Entries Should Be Awarded**

The majority of all charges claimed by Plaintiff's counsel were "block-billed" in many instances, making it impossible to ascertain how long each task took to complete, and whether it was properly related to the FDCPA claim. (See e.g. 5/27/15, 6/18/15, 9/16/15, ECF No. 88-5; 9/17/15, 11/2/15, ECF No. 88-4.)  In fact, most of Plaintiff's attorneys' time entries do not specifically reference the FDCPA claim, and one must guess whether the claimed time was legitimately incurred in accordance with the accepted Rule 68 offer, and if so, whether the time actually spent was reasonable.

The term "block billing" refers to the time-keeping method by which an attorney enters the total time spent working on a case, rather than itemizing the time expended on each specific task. (See e.g. *Fralick v. Plumbers & Pipefitters National Pension Fund*, 2011 WL 487754 at *4 (N.D. Tex. 2011).)

The party seeking fees bears the burden of proving that the hours claimed were reasonably expended, and this burden can be met only by presenting evidence

that is adequate for the Court to determine what hours should be included in the reimbursement. As held by the Supreme Court, the party must "maintain billing time records in a manner that will enable a reviewing Court to identify distinct claims." (*Hensley v. Eckerhart*, 461 U.S. 424, 437.) Because many (most) charges claimed by Plaintiff's counsel were block-billed together with charges related to the TCPA claim, for which Plaintiff's counsel is not entitled to compensation, Defendant must request that all of the block-billed time be reduced from Plaintiff's fee award pursuant to the aforementioned case law. As discussed above, Plaintiff's counsel claims to have exercised "substantial billing judgment and discretion" to reduce their billing records to only reflect time allegedly spent on the FDCPA claim, but clearly, this is not the case. Virtually all of the fees sought were incurred on the TCPA claim, but Plaintiff nevertheless seeks compensation for approximately 80% of said fees, which is completely unreasonable.

## V.
## **CONCLUSION**

For the reasons set forth above, Defendant respectfully requests that this Court only award fees to Plaintiff's counsel for the work on this case that was reasonably necessary to prosecute the FDCPA claim, as the parties agreed pursuant to the accepted Rule 68 offer. As held by numerous previous cases, a reasonable amount to prosecute a simple FDCPA claim of this type is in the four figures and nowhere near the $50,000 sought by Plaintiff's counsel.

DATED: November 17, 2015    CARLSON & MESSER LLP


By:  s/David J. Kaminski
    Charles R. Messer
    David J. Kaminski
    Martin Schannong
    Attorneys for Defendant
    HOVG, LLC dba BAY AREA
    CREDIT SERVICE

{00040214;1}    15
    OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES
    CASE NO. 3:14-CV-02549-HSG

## **CERTIFICATE OF SERVICE**

The undersigned does hereby certify that on the 17th day of November, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

krubel@kmrlawfirm.com

                                    CARLSON & MESSER LLP

                                    By:  s/ David J. Kaminski
                                            Charles R. Messer
                                            David J. Kaminski
                                            Martin Schannong
                                            Attorneys for Defendant
                                            HOVG, LLC dba BAY AREA CREDIT SERVICE