Kira M. Rubel (CA SBN/ 253970)
**LAW OFFICES OF KIRA M. RUBEL**
555 West Beech Street, Suite 230
San Diego, CA 92101
Tel: (800)836-6531

David P. Schafer (TX SBN/ 00797865) *Admitted Pro hac vice*
Brian J. Trenz (TX SBN/24067911) *Admitted Pro hac vice*
**LAW OFFICES OF DAVID P. SCHAFER**
2139 N.W. Military HWY, Suite 200
San Antonio, TX 78213
Tel: (210) 348-0500
Fax: (210) 348-0520

*Attorneys for Plaintiff Desiree Alvarado*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DESIREE ALVARADO, on behalf of herself and all others similarly situated,**     Plaintiff, vs. **HOVG, LLC, d/b/a BAY AREA CREDIT SERVICE LLC, a Limited Liability Company,**     **Defendant.** | CASE NO. 3:14-CV-02549-HSG **PLAINTIFF DESIREE ALVARADO'S REPLY IN SUPPORT OF HER MOTION FOR REIMBURSEMENT OF ATTORNEY'S FEES AND COSTS** |

\\

\\

1

## I. <u>INTRODUCTION</u>

Defendant's request that this Court award Plaintiff's counsel a four-figure fee award is preposterous. Defense counsel's opinion that counsel's time was not worthwhile is of no moment – Plaintiff's counsel spent significant time debating, researching and actually bringing this claim. They should be compensated for their efforts.

This fee request arises out of Plaintiff's claim for violations of the Fair Debt Collection Practices Act claim, 15 U.S.C. §§1692, *et seq*. ["FDCPA."]  The FDCPA claim was discovered while Plaintiff's counsel was litigating the initial claim under the Telephone Consumer Protection Act, 42 U.S.C. § 227 ["TCPA."] Functionally, these two claims are integrally intertwined. So much so, that much of the discovery and work conducted for the TCPA claim was fully applicable to the FDCPA claim as well. ***These two claims are so intertwined that Plaintiff's counsel were willing to submit their motion for class certification on both claims using only the discovery they had obtained for prosecuting the TCPA claim.***

When two similar claims are pursued and only one has an attorney fee provision, courts will often find that apportionment of hours between the two claims is difficult, if not impossible.  Here, there are obviously certain entries which are wholly apportionable to the FDCPA claim (e.g. motion for fees). However, as Plaintiff's counsel stated at this Court's case management conference on July 7, 2015, the TCPA and FDCPA claim involve very similar issues and discovery and, in fact, arise out of the same event.  Thus, many of Plaintiff's counsels' time entries reflect this overlapping effort.

Therefore, rather than a minute by minute review of whether the time spent was reasonable, ***the result obtained for the plaintiff is the linchpin to a determination of fair fees***. There can be no doubt that Plaintiff's counsel has obtained an incredible result for Plaintiff – a $43,000 settlement.  This is far in

excess of the $1,000 statutory fee ordinarily awarded under the FDCPA. Accordingly, Plaintiff's counsel renews its request for a fee award of $50,000 and full reimbursement of her costs.  Plaintiff respectfully submits the following reply.

## II. LEGAL ARGUMENT

### a. The Degree of Success is The Paramount Consideration in the Court's Fee Determination.

The Supreme Court case of Hensley v. Eckerhart, 461 U.S. 424 (1983) applies in statutory fee cases, such as the FDCPA. Schwarz v. Sec'y of Health &Human Services, 73 F.3d 895, 901 n. 2 (9th Cir.1995).  Hensley recognized that when claims involve a "common core of facts" or are based on "related legal theories," it is difficult to allocate the hours expended according to claim.  Hensley, 461 U.S. at 435:

> **Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.**
> Id.

Cases alleging both TCPA and FDCPA claims are often considered this type of case. "[B]ecause the FDCPA and TCPA claims were based upon the same phone calls and therefore closely related, Plaintiffs are entitled to recover fees for all of the time listed in Mr. Lusskin's time records, and further division of Mr. Lusskin's time is not required." Southam v. Halsted Fin. Servs., LLC, 2015 WL 5215987, at *2 (S.D. Fla. Sept. 8, 2015).

The Court's determination of reasonable rate and reasonable hours is therefore only the initial inquiry.  "[E]ven where two claims apparently share no "common core of facts" or related legal concepts [] the actual work performed by lawyers to develop the facts of both claims may be closely intertwined. Hensley, 461 U.S. at 448 [citations omitted.] *Thus, the Court's focus in situations like these must be on the result obtained for the Plaintiff, rather than dividing hours among the*

*various claims*. "Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified." Id. at 435.

There is no doubt– the result obtained for Plaintiff in this matter is outstanding. Plaintiff's counsel negotiated a settlement 43 times larger than the available statutory damages under the FDCPA. This is certainly a phenomenal result for Plaintiff and should be the primary focus in the Court's determination of appropriate fees.

### b. No "Across the Board" Cut is Justified.

The plaintiff has the burden of proving that her request for attorneys' fees is reasonable. Altergott v. Modern Collection Techniques, Inc., 864 F.Supp. 778, 780 (N.D.Ill.1990); Hensley, 461 at 437. Once this is established, the burden shifts to the opposing party to demonstrate why a lower rate is warranted. Stark v. PPM Am., Inc., 354 F.3d 666, 674–75 (7th Cir.2004). Defendant has not met its burden here.

Defense counsel's opposition requests that this Court cut Plaintiff's fee request to 20 hours because the remaining hours spent were not reasonably necessary. However, **Plaintiff's counsel has already voluntarily cut their hours by more than 39 % and did so specifically in order to obtain this fantastic settlement for Plaintiff.**[1] No further discount is necessary or justified. Plaintiff's counsel is requesting only $50,000 for more than 200 collective hours of attorney time. Reduction to a four-figure award is ridiculous and, frankly, insulting.

Defendant attempts to paint a vivid picture of Plaintiff's unreasonableness by including a chart which states that Plaintiff's attorneys spent 80% of their time on the FDCPA claim. [Opposition "Oppo." at p. 4.] However, this statement is a

---

[1] Counsel's total lodestar for the FDCPA claim is $82,295 but they agreed to seek a maximum of only $50,000 in order to obtain Defendant's agreement to settle for $43,000.

blatant falsehood. ***Plaintiff's counsel did not submit all of their hours to the Court.*** Rather, they only incorporated time entries in their lodestar which included an FDCPA component. All non-FDCPA billing entries were completely omitted from the timesheets submitted to the Court. The time that Plaintiff's counsel spent on this case, in total, far exceeds the request in Plaintiff's moving papers.

Moreover, a detailed review of Defendant's opposition papers reveals that Defendant only requests that 82.6 of Plaintiff's counsels' hours should be wholly excluded.[2] This leaves a remaining 121.6 hours in Plaintiff's lodestar. Multiplying this by the lower hourly rate of $450 per hour, Plaintiff's lodestar is still in excess of their request; at $54,720.00.

The party opposing fees must specifically identify defects or deficiencies in the hours requested - conclusory and unsubstantiated objections are insufficient to warrant a reduction in fees. Cancio v. Fin. Credit Network, Inc., 2005 WL 1629809, at *3 (N.D.Cal. July 6, 2005), cited by De Amaral v. Goldsmith & Hull, 2014 WL 1309954, at *3 (N.D. Cal. Apr. 1, 2014). Defendant's opposition requests that this Court reduce Plaintiff's counsels' hours to 20, from 204.2 hours. However, the opposition provides no support for this statement, other than to state that the hours are unreasonable and Plaintiff's counsel could have performed these various tasks quicker. These are not sufficient grounds to warrant such a substantial reduction in the fee request and Defendant's requested exclusions and deductions should be ignored wholesale.

### c. The Case Law Upon Which Defendant Relied is Inapposite.

Defendant cites to various cases in its opposition in which courts reduced the compensable hours because they were not "reasonable." However, for every such

---

[2] Defendant's remaining requests simply ask that the Court *reduce* the hours that Plaintiff's counsel spent. See Sections IV, subparts (C), (E), (I), (K), and (L).

case, Plaintiff can identify an equivalent number where the converse is true and courts have granted substantial fee awards.

For example, the Northern District of California awarded **$213,606.65** in fees based upon a $50,000 judgment in an FDCPA suit. Garcia v. Resurgent Capital Servs., L.P., 2012 WL 3778852, at *12 (N.D. Cal. Aug. 30, 2012); *See, also* Defenbaugh v. JBC & Associates, Inc., 2004 WL 1874978, at *4–5 (N.D.Cal. Aug. 10, 2004) (plaintiff who recovered the statutory maximum of $1,000 under FDCPA achieved more than a technical victory and was awarded fees and costs of **$46,496.32**); *See also* Small v. Absolute Collection Serv., Inc.,2006 WL 6183287, at *1 (S.D. Fla. Mar. 23, 2006), awarding attorney's fees of **$38,678.00**; *See also* Gradisher v. Check Enf't Unit, Inc., 2003 WL 187416, at *9 (W.D. Mich. Jan. 22, 2003), awarding **$77,680.44** in fees and costs, although the Plaintiff recovered only $1,000.00; *See also*, Armstrong v. The Rose Law Firm, P.A.,2002 WL 31050583 (D.Minn., Sept. 5, 2002), awarding **$43,180.00** in fees; *See also* Danow v. Law Office of David E. Borack, *PA*, 634 F. Supp. 2d 1337(S.D. Fla. 2009), awarding **$62,895.00** in fees.

Plaintiff's fee request is not out of the realm of what is reasonable or appropriate in cases of this nature, particularly given the work performed and the outstanding result obtained.

### d. **Defendant Makes No Argument Against Plaintiff's Requested Rate.**

Defendant's opposition makes no argument against Plaintiff's counsels' hourly rates of $400 per hour for attorneys Trenz and Rubel, and $450 per hour for attorney Schafer.  Thus, Plaintiff respectfully requests that this Court grant these hourly rates.

### e. **Plaintiff Has Now Expended Additional Time on this Reply.**

Courts permit compensation for counsels' fee motions in statutory fee cases. In re Nucorp Energy, Inc., 764 F.2d 655, 659–660 (9th Cir.1985).  Ms. Rubel has

now spent an additional 12.2 hours in researching and composing this reply. Counsel requests that this time be included in her original request for fees. [Decl. Rubel, ¶ 2, 3, Exh. A.]

### III. CONCLUSION

Plaintiff's counsel renews its request for reimbursement of costs in the amount of $3,580.46 and fees of $50,000.00, based on hourly rates of $400 per hour for attorneys Trenz and Rubel, and $450 per hour for attorney Schafer.  Counsels' total lodestar far exceeds this reasonable request and, in fact, they voluntarily limited their request, reducing the amount by 39%.  Supreme Court precedent supports awarding this request in its entirety since the FDCPA claim is integrally intertwined with the original TCPA claim and separation of billing for one claim versus another is difficult to apportion distinct time entries.

Respectfully submitted,

Date: November 24, 2015                                    By:     */s/ Kira M. Rubel*
                                                                                Kira M. Rubel, Esq.