UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESIREE ALVARADO,<br><br>    Plaintiff,<br><br>    v.<br><br>HOVG, LLC,<br><br>    Defendant. | Case No. 14-cv-02549-HSG<br><br>**ORDER GRANTING MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 88 |

Pending before the Court is Plaintiff's motion for attorneys' fees. Dkt. No. 88. Having considered the parties' arguments, the Court GRANTS Plaintiff's motion.

## I.   BACKGROUND

Plaintiff filed this lawsuit on June 3, 2014. Dkt. No. 1. The original complaint alleged negligent and knowing and/or willful violations of the Telephone Consumer Protection Act ("TCPA"). *Id.* On February 17, 2015, Plaintiff amended the complaint. Dkt. No. 42. Neither complaint alleged a Fair Debt Collection Practices Act ("FDCPA") claim. Then, on August 19, 2015, the Court granted Plaintiff's request for leave to file a second amended complaint ("SAC") to allege an FDCPA claim and add a new defendant, AT&T. *See* Dkt. No. 76, 77. On September 17, 2015, Defendant served an offer of judgment under Federal Rule of Civil Procedure 68, providing that Plaintiff would receive $43,000 for the damages alleged under the TCPA and FDCPA, reasonable costs, and reasonable attorney fees.

## II.   LEGAL STANDARD

The FDCPA provides "that any debt collector who fails to comply with its provisions is liable 'in the case of any successful action . . . [for] the costs of the action, together with a reasonable attorney's fee as determined by the court." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (quoting 15 U.S.C. § 1692k(a)(3)). The award of attorneys' fees is

mandatory. *Id.* "District courts must calculate awards for attorneys' fees using the 'lodestar' method." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1152 n.4 (9th Cir. 2001) (per curiam). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996), opinion amended on denial of reh'g, 108 F.3d 981 (9th Cir. 1997). "Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Ferland*, 244 F.3d at 1152 n.4.

"The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). A court should not uncritically accept a party's representation of attorneys' fees. *Sealy, Inc. v. Easy Living, Inc.*, 743 F.2d 1378, 1385 (9th Cir. 1984). Thus, an independent review of the record is required. *Ferland*, 244 F.3d at 1151. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The final award of attorneys' fees is within the discretion of the Court. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69 (9th Cir. 1975).

### III.  ANALYSIS

Although Plaintiff's combined lodestar is over $80,000, Plaintiff only requests $50,000 in fees consistent with the terms of the parties' agreement. *See* Dkt. No. 88-4 at ¶ 20.

It is undisputed that Plaintiff is the prevailing party, and that Defendant agreed to pay reasonable attorneys' fees. Defendant confirmed at the hearing that it does not dispute each attorney's hourly rate. Plaintiff provides the following hourly rate and hours breakdown in the affidavits attached to her motion for fees:

| Attorney | Hours expended on FDCPA claim[1] | Hourly Rate | Personal Lodestar |
|---|---|---|---|
| David Schafer | 11.5 hours | $450 | $5,175 |

---

[1] The hours are adjusted based on Plaintiff's supplemental declaration, Dkt. No. 95, and Dkt. No. 90-1.

| Kira Rubel | 138.2 hours | $400 | $55,280 |
| Brian Trenz | 63.3 hours | $400 | $25,320 |

The requested hourly rates are reasonable given each attorney's extensive experience in FDCPA cases, and the rates are comparable to reasonable rates charged for similar work performed by attorneys with comparable experience in the community. *Camacho*, 523 F.3d at 980. *See*, *e.g., Rivera v. Portfolio Recovery Associates, LLC*, 13-cv-2322 MEJ, 2013 WL 5311525, at *8 (N.D. Cal. Sept. 23, 2013) (awarding fees in successful FDCPA action at rate of $450 per hour where attorney had extensive experience representing consumers in FDCPA cases); *Palmer v. Far West Collection Servs.*, Inc., 04-cv-03027 RMW, 2008 WL 5397140, at *1 (N.D. Cal. Dec. 18, 2008) (awarding fees in successful FDCPA action at rates of $325 and $465 per hour); *Garcia v. Resurgent Capital Servs., L.P.*, No. C-11-1253 EMC, 2012 WL 3778852, at *2 (N.D. Cal. Aug. 30, 2012) (finding $400 hourly rate was reasonable). Moreover, the hourly rates are further supported by the affidavits that Plaintiff attached to the fee motion, describing the fees of other attorneys in the greater Bay Area. *See* Dkt. No. 88-4, Exs. B & C; *See also United Steelworkers of America v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) ("Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate.").

Having determined that the hourly rates are reasonable, the Court turns to whether the number of hours expended by Plaintiff's attorneys is reasonable.

Defendant contends that the timeline of events is relevant in assessing the reasonableness of the hours. Although the lawsuit was filed in June 2014, Dkt. No. 1, neither the initial complaint nor the first amended complaint, Dkt. No. 42, included FDCPA allegations. The Court granted Plaintiff's request for leave to file a SAC in August 2015 to allege the FDCPA claim. *See* Dkt. No. 76, 77. Plaintiff filed the SAC on August 31, 2015, Dkt. No. 78, and the settlement was accepted on September 17, 2015. Based on this, Defendant argues that the hours expended were not reasonable, because the FDCPA claim was pending for only 17 days and the FDCPA claim was secondary to Plaintiff's TCPA claim. Defendant seeks an "across-the-board reduction to

Plaintiff's attorneys' claimed 204.2 hours" and makes several arguments in support. Dkt. No. 89 at 6.

First, Defendant argues that the discussions and conferences among the three attorneys, totaling 39.8 hours, were excessive and unnecessary. The Court disagrees. It is reasonable for the members of the legal team to meet regularly to develop strategy, update one another on developments, and give and receive instructions regarding assignments. The Court finds the amount of time spent in this manner is not excessive or unnecessary. *See Nat'l Fed'n of the Blind v. Target Corp.*, No. C 06-01802 MHP, 2009 WL 2390261, at *5 (N.D. Cal. Aug. 3, 2009) (rejecting defendant's assertion that work conducted by two attorneys was duplicative, noting "it is often more efficient for lawyers with complementary skill sets to cooperate in performing a task").

Second, Defendant argues that compensation for legal research regarding the FDCPA claims, totaling 15.1 hours, is not justified. The Court disagrees. Having reviewed the attached declarations, the Court finds the number of hours expended doing research on the FDCPA claim reasonable.

Third, Defendant contends that it was unreasonable to spend 15.3 hours drafting and/or reviewing the SAC. Given that this was not the original complaint and only a few paragraphs were added relating to the FDCPA claim (and a new defendant), it is unclear why 15 hours were needed to draft and review the SAC. *See Rivera*, 2013 WL 5311525, at *5 (holding the 12.8 hours spent on drafting a complaint was unreasonable where "the allegations in the state court cross-complaint are similar to the claims made in the Complaint filed in this case" and reducing it by half to 6.4 hours); *Silva v. Patenaude & Felix, P.C.*, 2010 WL 2000523, at *3 (N.D. Cal. May 12, 2010) (finding 2.3 hours for drafting FDCPA complaint excessive). Given the limited changes made to the SAC, the Court reduces the hours expended on drafting the SAC to 3 hours.

Fourth, Defendant argues that compensation for travel to the vacated hearing on the motion for leave totaling 6 hours is not compensable. Defendant has not cited a case or introduced any evidence to suggest that compensation for travel time is not compensable. Defendant's general protest that travel time should not be compensated is not sufficient given that it is customary in

this district for lawyers to charge for travel time.  *See Rivera*, 2013 WL 5311525, at *8 (rejecting argument that recovery for travel time was not reasonable); *Garcia*, 2012 WL 3778852, at *9.

Fifth, Defendant contends that the 27.2 hours spent on the motion for class certification should be reduced.  The Court disagrees.  The number of hours expended over five days was not unreasonable.  Moreover, the Court declines to reduce Plaintiff's fee award on the ground that the motion was not due for several weeks and was never filed in the case, as the "Court will not second guess attorney efforts to conduct the litigation strategy for the case," including when to start work on a motion.  *See E-Pass Techs., Inc. v. 3Com Corp.*, No. C-00-2255-DLJ, 2007 WL 4170514, at *6 (N.D. Cal. Nov. 14, 2007).

Sixth, Defendant contends that the 24.5 hours spent on the fee motion was excessive.  The attached declarations confirm that the attorneys (1) drafted, reviewed, and finalized their own declarations for the fee application, (2) reviewed the Court's order regarding the motion deadline and conducted research on compensable costs, (3) researched the legal standard in the Northern District of California and the Ninth Circuit, (4) continued general legal research, (5) called attorneys in the Northern District to learn the usual and customary rates, (6) received and reviewed the declarations from other attorneys in the Northern District, and (7) drafted the fee motion.  The Court finds that the hours expended on the fee motion were reasonable.  "Filing a fee request requires checking local case law as to rates for comparable counsel; reviewing the hours spent and making billing judgment decisions; and collecting information on and explaining the professional background of the various billing lawyers and paralegals."  *Waite v. Clark Cty. Collection Serv., LLC*, 606 F. App'x 864, 868 (9th Cir. 2015) (unpublished) (Berzon, J. concurring in part and dissenting in part).  The attorneys' diligence in researching and preparing the fee motion is not only reasonable, but also encouraged.

Finally, Defendant makes numerous arguments on the basis that the hours expended were unrelated to the FDCPA claim.[2]  According to Defendant, 21.7 hours were spent on the LiveVox

---

[2] Defendant further contends that the majority of all charges claimed by Plaintiff's counsel were block-billed together with charges for the TCPA claim, and that the time records submitted are thus insufficient.  The Court rejects this argument.  First, the Court finds that the time records are sufficiently detailed to allow the Court to assess the general subject matter of the expenditures and

deposition, which was solely related to the TCPA claim; 12 hours were expended on non-FDCPA discovery; 8.2 hours were expended on written discovery of separate matters; and 27.8 hours were spent researching, drafting and discussing Plaintiff's motion for leave to amend, which related to both the FDCPA allegation and the addition of a new defendant. Dkt. No. 89 at 9, 11-13. Assuming arguendo that Defendant is correct and that these hours were unrelated to the FDCPA claim, the Court finds that the exclusion of these hours, totaling 70.6 hours, does not affect the outcome of the fee award. As a part of their settlement, the parties agreed that the attorneys' fee award would be capped at $50,000. As described above, the Court reduced the hours expended on drafting the SAC by 12.3. If the Court were to reduce the total billed hours (204.2 hours) by 70.6 and 12.3, then the total billable hours would be 121.3. Applying the reasonable hourly rate, the Court finds that the lodestar would still remain above the $50,000 cap.

Because the Court finds the remaining hours were reasonably expended on the FDCPA claim, the Court grants Plaintiff's request for attorneys' fees.

Plaintiff also seeks reimbursement of costs in the amount of $3,580.46. The Court has reviewed the breakdown of costs, which includes deposition fees, service and filing fees, and printing and Westlaw costs. *See* Dkt. No. 88-1. Although Defendant contends that the amount of costs is unreasonable, Defendant provides no explanation or basis for the argument. The Court's own review, on the other hand, confirms that the expenses were reasonably spent in advancing the FDCPA claim. Accordingly, the Court approves the request for reimbursement of costs.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the motion for attorneys' fees, awarding

---

thus, the reasonableness of the hours billed. *See Deocampo v. Potts*, No. CIV. 2:06-1283 WBS, 2014 WL 788429, at *4 (E.D. Cal. Feb. 25, 2014) (holding that the court "retains discretion not to reduce hours that are purportedly block billed if those time entries 'are detailed enough for the [c]ourt to assess the reasonableness of the hours billed'"), *motion for relief from judgment denied*, No. CIV. 2:06-1283 WBS, 2014 WL 2118193 (E.D. Cal. May 21, 2014), *aff'd*, No. 14-16192, 2016 WL 4698299 (9th Cir. Sept. 8, 2016). Second, the Court finds that the submitted declarations satisfy the requirements of the local rules. *See* Civ. L-R 54-5 (requiring that a motion for attorney's fees be supported by a declaration or affidavit containing, "[a] statement of the services rendered by each person for whose services fees are claimed together with a summary of the time spent by each person, and a statement describing the manner in which time records were maintained").

Plaintiff $50,000 in attorneys' fees and $3.580.46 in expenses.

**IT IS SO ORDERED.**

Dated: 9/29/2016

                                                                                   _____
                                                                                   HAYWOOD S. GILLIAM, JR.
                                                                                   United States District Judge